[No. 28092-9-I.  Division One.  July 6, 1992.]

ETCO, INC., ET AL, *Appellants,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*Randolph O. Petgrave* and *Richard L. Gemson*, for appellants.

*Kenneth O. Eikenberry, Attorney General,* and *John R. Wasberg, Assistant,* for respondent.

FORREST, J. — The appellants claim the Superior Court erred in dismissing their appeal from the Board of Industrial Insurance Appeals (the Board) for lack of jurisdiction because it applied an improper statutory requirement. We agree and remand.

The appellants are all factory representatives conducting business in King County (the firms). The Department of Labor and Industries (the Department) issued each firm a notice and order of assessment for industrial insurance taxes due for a 2-year period. The firms appealed the decision to the Board and the Board ruled in favor of the Department. The firms appealed the Board's order to the King County Superior Court. The appeals were consolidated because they involved a common question of law not relevant to this appeal. The Department moved to dismiss the appeals claiming the King County court lacked subject matter jurisdiction. The trial court agreed and dismissed the actions.

One issue is presented: Is this appeal to the Superior Court governed by the language of RCW 51.52.110, "[i]n all other cases the appeal shall be to the superior court of Thurston county", or by the language of RCW 51.48.131 which provides that employers' appeals are governed by the

procedures of the Administrative Procedure Act (APA), RCW 34.05.510-.598, which, in this case, authorizes appeal to the Superior Court for King County?

The Department argues, and the trial court held, that the appeals are governed by RCW 51.52.110, which reads in pertinent part:

> In cases involving injured workers, an appeal to the superior court shall be to the superior court of the county of residence of the worker or beneficiary, as shown by the department's records, or to the superior court of the county wherein the injury occurred or where neither the county of residence nor the county wherein the injury occurred are in the state of Washington then the appeal may be directed to the superior court for Thurston county. *In all other cases the appeal shall be to the superior court of Thurston county.*

(Italics ours.) RCW 51.52.110.

The firms contend RCW 51.48.131 controls appeals of notices of assessment. That statute expressly incorporates the judicial review provisions of the APA, which would allow the firms to file in King County. The pertinent statutory language reads:

> **Notice of assessment for default in payments by employer — Appeal.** A notice of assessment becomes final thirty days from the date the notice of assessment was served upon the employer unless . . . (2) an appeal is filed with the board of industrial insurance appeals and sent to the director of labor and industries by mail or delivered in person.
>
> . . . .
> . . . RCW 51.52.080 through 51.52.106 govern appeals under this section. *Further appeals taken from a final decision of the board under this section are governed by the provisions relating to judicial review of administrative decisions contained in RCW 34.05.510 through 34.05.598,* and the department has the same right of review from the board's decisions as do employers.

(Italics ours.) RCW 51.48.131 (in part). RCW 34.05.514(1) reads:

> **Petition for review — Where filed.** (1) Except as provided in subsection (2) of this section and RCW 34.05.538,[1] proceedings for review under this chapter shall be instituted by filing a petition in the superior court, at the petitioner's option, for (a) Thurston county, (b) the county of the petitioner's residence or

---

[1]This section was repealed and is otherwise not relevant here.

principal place of business, or (c) in any county where the property owned by the petitioner and affected by the contested decision is located.

RCW 51.48 deals specifically with penalty assessments against employers. RCW 51.48.131 contemplates two different levels of appeal for notices of assessment: (1) Board review of Department orders and, (2) court review of Board decisions. RCW 51.48.131 deals first with employer appeals of Department orders *to the Board*. The statute details the scope of such review and the duties of the parties. The section expressly incorporates only RCW 51.52.080 through .106, which control appeals *to the Board*. Noticeably absent from this incorporation is RCW 51.52.110 regarding superior court review of final decisions of the Board. Instead, the final sentence of RCW 51.48.131 addresses "[f]urther appeals taken from a final *decision of the board*", (italics ours), expressly incorporating the judicial review provisions of the APA.

An employer served with a notice of assessment is instructed by RCW 51.48 that initial appeals may be made to the Board pursuant to the rules in RCW 51.52.080 through .106. If the employer wishes to appeal a final decision of the Board he is instructed to refer to the judicial review provisions of the APA. There is *no reference* to RCW 51.52.110 and there is no reason an employer should expect to be bound by that procedure.

The Department acknowledges that in all other respects judicial appeals of orders of assessment must follow the procedures set forth in the APA. It offers no reasonable basis for treating differently the provision allowing petitioners a choice of jurisdictions for filing judicial appeals. In fact, the Department's interpretation of the competing chapters renders the express incorporation of RCW 34.05.514 completely superfluous since that section deals *only* with where a petitioner may file an appeal.

■ Any apparent conflict between RCW 51.52.110 and RCW 51.48.131 is resolved by well established rules of statutory interpretation. RCW 51.52.110 is a general provision

regarding judicial appeals of final board decisions. In particular, the "all other cases" language relied on by the Department is clearly a general catch-all provision. RCW 51.48-.131, on the other hand, specifically addresses review of Department orders of assessment and the last sentence of that section directly addresses judicial review of final decisions of the Board. Where two statutes dealing with the same subject matter are in apparent conflict, established rules of statutory construction require giving preference to the more specific statute,[2] and to the later adopted statute.[3] RCW 51.48.131 meets both of these requirements. The "all other cases" language remains effective if there are "other cases" remaining after excluding employer appeals of assessments.

In the face of the plain language of RCW 51.48.131 the State concedes that they would likely not be arguing the issue if not for their reliance on the language of the Washington Supreme Court in *Skagit Motel v. Department of Labor & Indus.*[4] There the court affirmed the dismissal of an employer's appeal filed in Skagit County, the site of the business, holding the statute, RCW 51.52.110, requires filing such appeals in Thurston County. While Supreme Court decisions are, of course, binding on the Court of Appeals, we do not find *Skagit Motel* controlling.

■ The court in *Skagit Motel* did not address the apparent conflict between these two provisions. In fact, it is clear from the opinion and briefs filed that RCW 51.48.131, and the issue here presented, was never raised. In fact, the appellants there conceded that RCW 51.52.110 governed superior court appeals. The court assumed that RCW 51.52.110

---

[2]*See In re Estate of Little*, 106 Wn.2d 269, 284, 721 P.2d 950 (1986); *General Tel. Co. of the Northwest, Inc. v. Utilities & Transp. Comm'n*, 104 Wn.2d 460, 464, 706 P.2d 625 (1985). *General Telephone* is particularly helpful in that it compares the general rules for appeal of agency decisions, RCW 80.36.130 and .140, and the specific supersedeas statute, RCW 80.04.180.

[3]2B N. Singer, *Statutory Construction* § 51.02 (5th ed. 1992).

[4]107 Wn.2d 856, 734 P.2d 478 (1987).

applied in that case and proceeded to discuss the constitutionality of treating employers differently from employees.[5] Where the literal words of a court opinion appear to control an issue, but where the court did not in fact address or consider the issue, the ruling is not dispositive and may be reexamined without violating stare decisis in the same court or without violating an intermediate appellate court's duty to accept the rulings of the Supreme Court.[6] "An opinion is not authority for what is not mentioned therein and what does not appear to have been suggested to the court by which the opinion was rendered." *Continental Mut. Sav. Bank v. Elliott,* 166 Wash. 283, 300, 6 P.2d 638, 81 A.L.R. 1005 (1932).

The Department urges that we presume the Legislature has acquiesced in the *Skagit Motel* construction since it has not materially changed RCW 51.52.110. It is unreasonable to utilize such a presumption where it is contrary to the plain statutory language and where RCW 51.48.131 was the later statute. It is particularly inappropriate since the amendments that have been adopted since *Skagit Motel* are

---

[5]It is possible RCW 51.48.131 was not raised in *Skagit Motel* because the section would not have changed that decision. Although the opinion was filed in March 1987, the matter before the court involved a notice of assessment for the period of April 1, 1980, through March 31, 1982. The matter was dismissed on summary judgment on November 15, 1985.

"As a general rule, the rights of parties under the workers' compensation statutes are governed by the law in force when the injury occurred." *Department of Labor & Indus. v. Moser,* 35 Wn. App. 204, 206, 665 P.2d 926 (1983). RCW 51.48.131 was added to the workers' compensation act in May of 1985 and was specifically held to apply prospectively. *Department of Labor & Indus. v. Metro Hauling, Inc.,* 48 Wn. App. 214, 217-18, 738 P.2d 1063 (1987). Since the facts in *Skagit Motel* involved a matter controlled by the law prior to the 1985 amendment there was no reason for the court to consider the question present here.

[6]*See Pacific S.S. Co. v. Peterson,* 278 U.S. 130, 73 L. Ed. 220, 49 S. Ct. 75 (1928) (a general expression respecting a particular issue that was not raised is not dispositive in a subsequent case in which the issue is raised, nor does it prevent the determination of the proper construction of a statute relating to that issue). *See also Hizey v. Carpenter,* 119 Wn.2d 251, 830 P.2d 646 (1992); *State ex rel. Johnson v. Funkhouser,* 52 Wn.2d 370, 374, 325 P.2d 297 (1958); *Rainier Nat'l Bank v. McCracken,* 26 Wn. App. 498, 510, 615 P.2d 469 (1980), *review denied,* 95 Wn.2d 1005 (1981).

308

consistent with our construction. The 1989 amendments to RCW 51.48.131 were conforming amendments necessitated by modifications to the APA. Indeed, if the Legislature intended to acquiesce in *Skagit Motel*, logically it would have repealed the sections incorporating APA procedures. It is more reasonable to assume that the Legislature was unaware of the conflict between *Skagit Motel* and RCW 51.48.131, and was confirming the APA procedures in adopting the conforming amendments. Our construction of RCW 51.48.131 does not abrogate RCW 51.52.110, but gives full effect to other more specific statutory language that became effective after the events in question in *Skagit Motel*.

We reverse and remand.

WEBSTER, A.C.J., and COLEMAN, J., concur.