[No. 17664-5-II. Division Two. December 19, 1995.]
JOHN DEVORE, ET AL., *Appellants*, v. THE
DEPARTMENT OF SOCIAL AND HEALTH SERVICES,
*Respondent*.

178

*Linda J. Nye*, for appellants.

*Christine O. Gregoire, Attorney General* and *Carol A. Murphy, Assistant*, for respondent.

FLEISHER, J. — The Devores sought superior court review of a Department of Social and Health Services order denying renewal of their adult family home license. The trial court dismissed the case for lack of jurisdiction, finding that the Devores had failed to timely appeal. On appeal, the Devores argue that the time for appeal had not run because the Department served its order on their attorney rather than on them. Because the Administrative Procedures Act requires service of an order be made on the party rather than the party's attorney, we reverse.

## FACTS

John and Kathryn Devore (the Devores) operated an adult family home licensed by the Department of Social and Health Services (Department). After receiving complaints alleging deficient care, the Department denied the Devores' request for a license renewal in December 1991. Five days later, attorney Richard Kimberly requested an administrative hearing on the denial of the license renewal. The Department mailed an acknowledgement of the request to Kimberly and sent a copy to the Devores, addressed in care of Kimberly. The acknowledgement stated, "[i]f your address changes while this case is pending, please immediately notify the Office listed above." Numerous pleadings and papers were then mailed between the Department and Kimberly in regard to the hearing.

In December 1992, an administrative law judge issued an initial decision, finding that the Department was justified in refusing to renew the Devores' license. On January

7, 1993, attorney Linda Nye filed a Notice of Appearance with the Department on behalf of the Devores. The notice stated in part:

> YOU AND EACH OF YOU are hereby notified that the above-named Appellants, John and Kathryn Devore, appear in the above entitled action by the undersigned attorney, Linda J. Nye, and request that all pleadings and papers of any nature filed or used in said action shall first be served upon the undersigned attorney . . . .

Four days later, Nye filed a Petition for Review of the Initial Decision. The petition identified the Devores in care of Nye's address. On May 5, 1993, an administrative review judge issued a final order denying the Devores' application for renewal, mailing a copy of the decision to Nye, and a copy to the Devores addressed in care of Nye. Nye provided a copy of the order to the Devores on May 20, 1993.

On June 7, 1993, 33 days after the Department mailed the final order, Nye filed a petition for judicial review on behalf of the Devores in Thurston County. The trial court granted the Department's motion to dismiss for lack of jurisdiction because the petition was not filed timely. The Devores appeal.

ANALYSIS

The Devores argue that because RCW 34.05.464(9) requires mailing of the final order to "the party," and not the party's attorney, they have not been properly served. Accordingly, the Devores argue that the trial court erred in dismissing their petition because the 30-day appeal period has not yet started to run.

■ When a trial court reviews an administrative decision, the court acts in a limited appellate capacity, and all statutory procedural requirements must be met before the court's jurisdiction is properly invoked. *Seattle v. Public Employment Relations Comm'n*, 116 Wn.2d 923, 926, 809

P.2d 1377 (1991). Under the Administrative Procedures Act (APA), RCW 34.05, the initial order of an agency may become a final order without further agency action. RCW 34.05.464. However, if a party to the proceedings files a petition for administrative review, a reviewing officer can either enter a final order or remand for further review. RCW 34.05.464(1)-(7). RCW 34.05.464(9) provides that "[t]he reviewing officer shall cause copies of the final order or order remanding the matter for further proceedings to be served upon each party."[1] Service of an order is complete when the agency mails the order to the parties. RCW 34.05.010(18); *Seattle*, 116 Wn.2d at 927. A party may then seek judicial review of the order by filing a review petition within 30 days after service. RCW 34.05.542(2). The parties agree that the May 5th order constitutes the final order of the Department.

The Department contends that service of the final order on the attorney constitutes service upon the party. However, the resolution of this case is controlled by the Washington State Supreme Court's recent decision in *Union Bay Preservation Coalition v. Cosmos Dev. & Admin. Corp.*, 127 Wn.2d 614, 902 P.2d 1247 (1995). Although *Union Bay* concerned the service of a review petition under RCW 34.05.542(2), the court stated:

> For final orders from an agency, the APA formerly required "[a] copy of the decision and order and accompanying findings and conclusions shall. be delivered or mailed to each party and to his attorney of record, if any." Former RCW 34.04.120. The current version of the APA requires a reviewing officer to serve copies of final orders "upon each party." RCW 34.05.464(9). The Legislature deleted all references to the attorneys of record.
>
> We conclude from this amendment that the Legislature did not intend . . . to include the parties' attorneys. The

---

[1]The APA defines a "party" as: "(a) [a] person to whom the agency action is specifically directed; or (b) [a] person named as a party to the agency proceeding or allowed to intervene or participate as a party in the agency proceeding." RCW 34.05.010(11).

Legislature treated parties and parties' attorneys as separate entities, and the legislative history of the APA requires this court to distinguish between the two. Service on an attorney was appropriate under the APA only when the Legislature explicitly authorized it. Here, no such authorization exists.

*Union Bay*, 127 Wn.2d at 618-19.[2] Accordingly, service upon the Devores' attorney, rather than the Devores, was insufficient. The Department must serve the final order on the party, not the party's attorney.

The Department then contends that mailing the final order to the Devores, in care of their attorney, constitutes service upon the parties. As the Department notes, RCW 34.05.464(9) does not require that the order be mailed to a party's business or residential address, only to the party. The Department maintains that the addresses provided throughout the entire administrative hearing process were in care of the Devores' attorneys, first Kimberly and then Nye. Furthermore, the Department argues that the Devores were informed to notify the Department in the event of any address changes.

Although such a contention may be appealing under these facts, it would render *Union Bay* a hollow shell. An administrative agency or a party could bypass *Union Bay*'s requirement of service upon the parties by merely addressing the mailing to the party in care of the party's attorney.[3] Accordingly, we must reject the Department's contention.

The Department then argues that the service was valid because the Devores actually received notice of the order from their attorney. However, the fact that the Devores actually received notice of the order is not controlling. *See*

---

[2] Although the dissent in *Union Bay* maintained that the APA uses the term "party" to mean a party of record *or* its attorney, 127 Wn.2d at 622 n.3 (Talmadge, J., dissenting), the majority rejected this conclusion. *Union Bay*, 127 Wn.2d at 618-19.

[3] We note that although the attorneys filed notices of appearance on the Devores' behalf, the Devores themselves never authorized that service be made in care of their attorney, rather than to them directly.

*Union Bay*, 127 Wn.2d at 619. Service of final orders under RCW 34.05.464(9) must be made upon the party. *Union Bay*, 127 Wn.2d at 619.

Finally, the Department argues that the Devores received notice as a result of substantial compliance with the service requirement. However, our resolution of this issue is again controlled by *Union Bay*.

> We cannot apply the [substantial compliance] doctrine to this case. The unequivocal definition of "party" in the APA combined with the deletion of "attorneys of record" from the act prevents such an application. Because the language and history of the APA exclude service on attorneys, we cannot permit such service by relying on substantial compliance.

> Our ruling arises directly from the words of the APA and, for this reason, decisions applying the doctrine of substantial compliance to other statutes are not persuasive.

*Union Bay*, 127 Wn.2d at 620.

We are mindful that our conclusion today may "create[ ] untold difficulties in practical application under our own Rules of Appellate Procedure and hardship for parties with otherwise meritorious appeals." *Union Bay*, 127 Wn.2d at 627 (Talmadge, J., dissenting). However, the need for a clear and more precise standard for addressing issues of service in administrative appeals is a question for the Legislature to consider. Although the Legislature would be well advised to consider the position of the Department, this court cannot in the guise of interpreting RCW 34.05.464(9) rewrite its terms. *Union Bay*, 127 Wn.2d at 623 (Talmadge, J., dissenting). The decision of the trial court is reversed.

BRIDGEWATER and WIGGINS, JJ., concur.

Review denied at 129 Wn.2d 1015 (1996).