231 P.3d 840 (2010)
Kenneth and Nonna NEWMAN, Appellants,
v.
VETERINARY BOARD OF GOVERNORS and Washington State Department of Health, Respondents,
Kobi Johnson, DVM, and Michael Harrington, DVM, Intervenors.
No. 64904-3-I.
Court of Appeals of Washington, Division 1.
May 17, 2010.
*843 Adam Phillip Karp, Animal Law Offices, Bellingham, WA, for Appellants.
Mark Hodgeman Calkins, Alan D. Copsey, Office of the Attorney General, Olympia, WA, for Respondents.
John W. Schedler, Keith Joseph Kuhn, Lee Smart PS Inc., Seattle, WA, for Intervenors.
MEYER, J.P.T.[*]
¶ 1 Drs. Michael Harrington and Kobi Johnson put Trali, Kenneth and Nonna Newman's Pekinese dog, to sleep following unsuccessful treatment for a disc condition over a six month period. Nonna Newman signed a document authorizing both the euthanasia and cremation thereafter. Five months later, the Newmans filed an unprofessional conduct complaint with the Veterinary Board of Governors. After thorough investigation, the Board determined that there was no cause for disciplinary action and closed the case against the veterinarians. The Newmans sought review of that decision through statutory and constitutional writs and then through an action under the Administrative Procedure Act, chapter 34.05 RCW. We can find no basis for reversing the trial court's order denying their petition on all grounds due to lack of standing.

FACTS
¶ 2 On June 11, 2007, the Newmans filed a report with the Veterinary Board of Governors (Board) alleging that Drs. Harrington and Johnson acted unprofessionally while treating Trali. After a nine month review, on March 6, 2008, the Board sent a letter to the Newmans informing them that their complaint had been fully investigated by the Board. The Board determined that "there was no cause for disciplinary action against either of the veterinarians because the care provided was within standards of practice." The Board explained that in order to "take disciplinary action, the Board must be able to prove, by clear and convincing (highly likely) evidence that unprofessional conduct occurred." The Board was sympathetic to the Newmans' experience, but it did "not have sufficient evidence to discipline the practitioners." Accordingly, in the March 6, 2008 letter, the Board informed the Newmans that the cases against the two doctors were being closed.
*844 ¶ 3 In a letter to the Board on March 13, 2008, Kenneth Newman stated that "we are not interested in reconsideration" and requested "an adjudicative hearing on the merits." On March 20, 2008, the Board responded that "[a]dministrative rules do not provide an appeal process once the Veterinary Board of Governors makes a decision to close a case without action. Neither the Uniform Disciplinary Act (Chapter 18.130 RCW) nor the Administrative Procedures Act (Chapter 34.05 RCW) provide for an adjudicative hearing on a Board decision not to issue a Statement of Charges." The Board further noted that it could not provide Newman with "legal advice regarding this matter" and that he may wish to consult with his "own attorney regarding the scope of any statutory appeal to the courts." The Newmans filed a petition for reconsideration, which the Board reviewed and denied on November 10, 2008, stating that the "two cases identified above will remain closed as the care was within the standard of practice and no new evidence was provided."
¶ 4 The Newmans sought judicial review of the Board's decision by filing a petition for a constitutional writ of certiorari and a statutory writ of review in Thurston County Superior Court on December 8, 2008. The veterinarians were allowed to intervene. The trial court heard argument on March 6, 2009. By order dated April 17, 2009, the trial court denied the Newmans' petition for a statutory writ because the agency was not "exercising judicial functions" when it decided to close the complaint. The trial court denied the constitutional writ on the ground that the Newmans would have had standing to petition for judicial review and, thus, had an adequate remedy at law. The trial court found that the Newmans did not comply with the Administrative Procedure Act's filing requirements, which are jurisdictional, require strict compliance, and cannot be extended. The trial court granted a joint motion by the Board and the Veterinarians to strike Newmans' submission of a declaration dated April 9, 2009. The Newmans appeal.

STATUTORY WRIT
¶ 5 RCW 7.16.040 requires that a writ of review be granted "when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law." Under the four part test derived from RCW 7.16.040, a "court will issue a statutory writ of review . . . if the petitioner can show that (1) an inferior tribunal or officer (2) exercising judicial functions (3) exceeded its jurisdiction or acted illegally, and (4) there is no other avenue of review or adequate remedy at law." Clark County Pub. Util. Dist. No. 1 v. Wilkinson, 139 Wash.2d 840, 845, 991 P.2d 1161 (2000). If any of the factors is absent, then there is no jurisdiction for superior court review. Clark County, 139 Wash.2d at 845, 991 P.2d 1161; Bridle Trails Cmty. Club v. City of Bellevue, 45 Wash.App. 248, 252, 724 P.2d 1110 (1986). The statutory writ of review is available only for actions that are judicial or quasi-judicial in nature. Williams v. Seattle Sch. Dist. No. 1, 97 Wash.2d 215, 218, 643 P.2d 426 (1982). "The issue whether a court has jurisdiction is a question of law subject to de novo review." Crosby v. Spokane, 137 Wash.2d 296, 301, 971 P.2d 32 (1999).
¶ 6 The Newmans argue that the trial court erred by finding that the Board was not exercising a judicial or quasi-judicial function in refusing to prepare a statement of charges. Under the Uniform Disciplinary Act, the Board is the disciplinary authority for licensed veterinarians. RCW 18.130.040(2)(b)(xiv); RCW 18.92.046. The Board has the authority to "investigate all complaints or reports of unprofessional conduct." RCW 18.130.050(2). If the Board determines that a complaint merits investigation after an initial assessment, it "shall investigate to determine whether there has been unprofessional conduct." RCW 18.130.080(2); WAC 246-14-040(1).
¶ 7 Following an investigation, the Board decides "whether to issue a statement of charges on a complaint, to take informal action, or to close the complaint without action." *845 WAC 246-14-060(1). If the Board determines "that there is reason to believe a violation of RCW 18.130.180 [defining unprofessional conduct] has occurred, a statement of charge or charges shall be prepared and served upon the license holder or applicant at the earliest practical time." RCW 18.130.090(1).
¶ 8 Jones v. State establishes that the decision to prepare a statement of charges is a prosecutorial function. 140 Wash.App. 476, 166 P.3d 1219 (2007), review granted, 164 Wash.2d 1019, 195 P.3d 89 (2008). In Jones, the Washington State Board of Pharmacy filed a statement of charges against a pharmacist following an investigation. The pharmacist sued the executive director of the Board of Pharmacy, among others, after the Board of Pharmacy suspended his license. This court held that "[c]harging decisions and filing a statement of charges are traditional prosecutorial functions." Jones, 140 Wash.App. at 489, 166 P.3d 1219. The trial court did not err by concluding that there was no basis for a statutory writ of review.

CONSTITUTIONAL WRIT
¶ 9 "The fundamental purpose of the constitutional writ of certiorari is to enable a court of review to determine whether the proceedings below were within the lower tribunal's jurisdiction and authority." Saldin Sec., Inc. v. Snohomish County, 134 Wash.2d 288, 292, 949 P.2d 370 (1998); WASH. CONST. art. IV, § 6. The superior court will grant review "only if the petitioning party `can allege facts that, if verified, would establish that the lower tribunal's decision was illegal or arbitrary and capricious.'" Malted Mousse, Inc. v. Steinmetz, 150 Wash.2d 518, 533, 79 P.3d 1154 (2003) (quoting Saldin Sec., 134 Wash.2d at 292, 949 P.2d 370). Illegality in the context of a constitutional writ refers to the lower tribunal's jurisdiction and authority. Klickitat County v. Beck, 104 Wash. App. 453, 459, 16 P.3d 692, review denied, 143 Wash.2d 1024, 25 P.3d 1020 (2001). "[A]n alleged error of law is insufficient to invoke the court's constitutional power of review." Wash. Pub. Employees Ass'n v. Wash. Pers. Res. Bd., 91 Wash.App. 640, 658, 959 P.2d 143 (1998).
¶ 10 A constitutional writ "will not issue if another avenue of review, such as a statutory writ or direct appeal, is available," "unless the appellant can show good cause for not using those methods." Malted Mousse, 150 Wash.2d at 533, 79 P.3d 1154; Saldin Sec., 134 Wash.2d at 293, 949 P.2d 370. We review a trial court's decision to deny a petition for a constitutional writ of certiorari for abuse of discretion. Bridle Trails, 45 Wash.App. at 252, 724 P.2d 1110.
¶ 11 "To invoke constitutional certiorari to review actions of an administrative agency, a petitioner must establish standing to challenge the governmental action." Harris v. Pierce County, 84 Wash. App. 222, 230, 928 P.2d 1111 (1996). This court applies a two part test in determining whether a person or entity has standing to seek a constitutional writ of certiorari. Snohomish County Prop. Rights Alliance v. Snohomish County, 76 Wash.App. 44, 52, 882 P.2d 807 (1994), review denied, 125 Wash.2d 1025, 890 P.2d 464 (1995); Trepanier v. City of Everett, 64 Wash.App. 380, 382, 824 P.2d 524, review denied, 119 Wash.2d 1012, 833 P.2d 386 (1992). "First, the interest that the petitioner seeks to protect must be `arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.'" Snohomish County Prop. Rights Alliance, 76 Wash.App. at 52, 882 P.2d 807 (internal quotation marks omitted) (quoting Trepanier, 64 Wash.App. at 382, 824 P.2d 524). "Second, the petitioner must allege an `injury in fact', i.e., that he or she will be 'specifically and perceptibly harmed' by the proposed action." Snohomish County Prop. Rights Alliance, 76 Wash.App. at 53, 882 P.2d 807 (internal quotation marks omitted) (quoting Trepanier, 64 Wash.App. at 382, 824 P.2d 524). Assuming that the Newmans' quest for accountability falls within the Uniform Disciplinary Act's zone of interest, the injury in fact requirement was not met here.
¶ 12 Although the trial court did not deny the Newmans' petition for a constitutional writ of certiorari on the grounds that they lacked standing to seek a constitutional writ, we may affirm the decision of the court below *846 if there are alternative grounds presented by the pleadings and the record which support that court's order. See RAP 2.5(a). Here, the record is sufficiently developed to fairly consider the issue of whether the Newmans suffered a legally cognizable injury caused by the Board's decision not to prepare charges. The issue of whether the Newmans had standing to pursue a constitutional writ was addressed by the Board in its response to the Newmans' petition for a constitutional writ of certiorari. The intervenors also argued that the Newmans did not have standing to seek a constitutional writ and reiterated their position at the presentation hearing.
¶ 13 The Newmans did not respond to the intervenors' argument. They did, however, assert that they met the standing requirements of the Administrative Procedure Act, which also imposes an injury in fact requirement. Compare Allan v. Univ. of Wash., 140 Wash.2d 323, 326-27, 997 P.2d 360 (2000) (holding that Administrative Procedure Act standing under RCW 34.05.320 requires that the person challenging the agency action suffer an injury in fact) with Snohomish County Prop. Rights Alliance, 76 Wash.App. at 52, 882 P.2d 807 (constitutional writ standing).
¶ 14 The Newmans fail to show that they suffered a legally cognizable injury when the Board declined to prepare a statement of charges. Before the trial court, the Newmans alleged that the Board's action adversely affected them by preempting "their quest to ensure that the veterinarians are disciplined for their actions." The Newmans also argued that they had an interest in having the veterinarians held accountable and in seeing justice served. The Uniform Disciplinary Act does not provide the Newmans with the right to compel action against the veterinarians' licenses by filing a complaint. Instead, that decision is vested with the Board, which must determine that "there is reason to believe" that unprofessional conduct has occurred before it is required to prepare a statement of charges. RCW 18.130.090(1). Ongom v. Dep't of Health, 159 Wash.2d 132, 138-39, 148 P.3d 1029 (2006), cert. denied, 550 U.S. 905, 127 S.Ct. 2115, 167 L.Ed.2d 815 (2007), provides that the legal interests at stake in a professional disciplinary proceeding are those of the license holder. We agree with the intervenors that a complainant has no legal interest to compel a disciplinary proceeding against a veterinarian under the Uniform Disciplinary Act.
¶ 15 On appeal, the Newmans argue that the Board should be bound by its argument before the trial court that the Newmans' belief that they were prejudiced by the Board's action satisfies the injury-in-fact requirement. The Board concedes that its argument before the trial court was erroneous. We agree. The Newmans believe they have been aggrieved by the Board's action, but dissatisfaction is not sufficient to establish an injury-in-fact. See Allan, 140 Wash.2d at 332, 997 P.2d 360 (holding that wife of professor was not aggrieved or adversely affected by amendments to disciplinary adjudication procedures of university's faculty code). Because erroneous concessions of law are not binding on appeal, we hold that the Board's erroneous concession does not show that the Newmans satisfied the injury-in-fact requirement. See In re Interest of J.F., 109 Wash.App. 718, 732, 37 P.3d 1227 (2001).
¶ 16 Even if the Newmans had standing to seek a constitutional writ of review, their petition should have been denied. The Newmans correctly argue that they bore the burden of alleging facts that, if verified, would establish that a lower tribunal's decision was illegal or arbitrary and capricious. However, they did not meet that burden before the trial court, where they alleged that the Board acted arbitrarily and capriciously or illegally in two fundamental ways: by failing to act on dispositive evidence and by using the wrong standard of proof.
¶ 17 The Newmans argued that the Board illegally failed to prepare a statement of charges when the record before the Board would attest to the fact that the veterinarians committed unprofessional conduct by failing to keep adequate records. The Uniform Disciplinary Act does not require the Board to prepare a statement of charges whenever an allegation of unprofessional conduct, standing alone, would be sufficient to support a finding of unprofessional conduct. Instead, the *847 Board's duty to file charges is not triggered until it "determines, upon investigation, that there is reason to believe" unprofessional conduct occurred. RCW 18.130.090(1).
¶ 18 The Newmans also alleged that the Board acted arbitrarily and capriciously by relying on evidence provided by the veterinarians that was not credible or reliable. However, RCW 18.130.095(1)(a) requires that a veterinarian be allowed to submit a written statement about the complaint, meaning that the Board did not exceed its authority by considering the evidence provided by the veterinarians. And where the evidence provided by the veterinarians allows "`room for two opinions'" about whether there is a reason to believe that unprofessional conduct occurred, the decision to close the complaint without preparing a statement of charges was "`not arbitrary and capricious even though one may believe an erroneous conclusion has been reached.'" Saldin Sec., 134 Wash.2d at 296, 949 P.2d 370 (quoting Pierce County Sheriff v. Civil Serv. Comm'n, 98 Wash.2d 690, 695, 658 P.2d 648 (1983)).
¶ 19 Next, the Newmans asserted that the Board acted illegally by using the wrong standard of proof. In support of that assertion, the Newmans cited to the March 6, 2008 letter from the Board stating that "[t]o take disciplinary action, the Board must be able to prove, by clear and convincing (highly likely) evidence[,] that unprofessional conduct occurred." In Ongom, the Washington Supreme Court held that due process requires clear and convincing proof of unprofessional conduct in a professional license disciplinary proceeding. Because the standard of proof necessary to establish unprofessional conduct is relevant to whether there is reason to believe that a violation occurred, we hold that the Board's letter does not show illegal conduct.

ADMINISTRATIVE PROCEDURE ACT REVIEW
¶ 20 After changing their position on standing under the Administrative Procedure Act before the trial court, the Newmans asked the trial court to extend the filing deadline for judicial review under the Administrative Procedure Act or to convert the writ petition into an action for judicial review. The Newmans argue that the trial court erred by denying their requests for five reasons.
¶ 21 First, although the Newmans conceded before the trial court that they "failed to meet the 30 day filing requirement for judicial review," they now contend that the 30 day period never commenced because the Board failed to serve them with notice of the November 10, 2008 letter informing them that the cases would remain closed.
¶ 22 The Administrative Procedure Act controls when a petition for judicial review must be filed according to the nature of the agency decision being appealed. RCW 34.05.542(2) states that "[a] petition for judicial review of an order shall be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order." (Emphasis added.) RCW 34.05.542(3) states:
A petition for judicial review of agency action other than the adoption of a rule or the entry of an order is not timely unless filed with the court and served on the agency, the office of the attorney general, and all other parties of record within thirty days after the agency action, but the time is extended during any period that the petitioner did not know and was under no duty to discover or could not reasonably have discovered that the agency had taken the action or that the agency action had a sufficient effect to confer standing upon the petitioner to obtain judicial review under this chapter.
(Emphasis added.) The Newmans assert that the November 10, 2008 letter was a final order and cite Devore v. Department of Social & Health Services for the proposition that service of the November 10, 2008 letter on their attorney was not sufficient to start running the 30 day period for review. 80 Wash.App. 177, 906 P.2d 1016 (1995), review denied, 129 Wash.2d 1015, 917 P.2d 575 (1996). The Newmans' position rests on the erroneous assertion that they are parties to the Board's decision not to file a statement of charges. The Newmans do not cite any authority *848 for the proposition that they had become a party to the agency proceeding by filing a report. Nor does the definition of a "party" under the Administrative Procedure Act support their position. According to RCW 34.05.010(12), a "`[p]arty to agency proceedings,' or `party' in a context so indicating, means: (a) A person to whom the agency action is specifically directed; or (b) A person named as a party to the agency proceeding or allowed to intervene or participate as a party in the agency proceeding."
¶ 23 While the Newmans assert that they would have been allowed to intervene, the record does not show that they were in fact allowed to intervene or whether they even asked to intervene. In addition, the agency's decision not to prepare a statement of charges, if specifically directed at anyone, was directed at the licensees. For example, if the Board had prepared a statement of charges, the Uniform Disciplinary Act specifically directs that action towards only the licensee or applicant. See RCW 18.130.090(1). Because the Newmans were not parties to the agency proceeding, they were not entitled to service of the November 10, 2008 letter under Devore.
¶ 24 Even if the Newmans were parties, the November 10, 2008 letter was not a "final order" determining their rights. RCW 34.05.010(11)(a) defines an "order" to mean "a written statement of particular applicability that finally determines the legal rights, duties, privileges, immunities, or other legal interests of a specific person or persons." RCW 34.05.010(3) defines an "agency action" to mean licensing, the implementation or enforcement of a statute, the adoption or application of an agency rule or order, the imposition of sanctions, or the granting or withholding of benefits. "`Licensing' includes that agency process respecting the issuance, denial, revocation, suspension, or modification of a license." RCW 34.05.010(9)(b). An agency action regarding licensing could also be an order when it finally determines the legal rights, duties, privileges, immunities, or other legal interests of a specific person or persons. See Devore, 80 Wash.App. at 181, 906 P.2d 1016 (The parties did not contest that the letter denying license renewal was a final order.). Here, the Board's decision against reconsideration in the November 10, 2008 letter did not finally determine the legal rights or interests of the Newmans. Simply put, the Newmans do not identify their legal interest in having the Board prepare a statement of charges.
¶ 25 Second, the Newmans argue that the 30 day judicial review period for the March 6, 2008 order was tolled pending reconsideration, but that argument rests on rules determining the reconsideration rights of parties. Again, the Newmans are not parties. See RCW 34.05.470; WAC 246-11-580.
¶ 26 Third, the Newmans argue that the trial court erred by denying their motion to convert their writ petition into a petition for judicial review because they intended to file a petition for judicial review instead of a writ petition on December 8, 2008. Here, there is no indication in the writ petition that the Newmans were seeking anything other than a statutory or constitutional writ of review. The Newmans argue that CR 15(b) allows them to amend their pleadings to conform to the evidence, but they do not identify what "issues not raised by the pleadings [were] tried by express or implied consent." CR 15(b).
¶ 27 Fourth, the Newmans contend that the Board violated WAC 246-14-120 by failing to advise the Newmans of their right to judicial review. WAC 246-14-120(1) states that "[a]ffected credential holders, applicants, and complainants will be notified of applicable time periods as soon as possible consistent with effective case management." The applicable time periods referred to in chapter 246-14 WAC relate to the "basic time periods for processing and resolving complaints against credentialed health care providers and applicants." WAC 246-14-010. The Newmans' assertion that the "`applicable time periods' include the time to seek judicial review and to present new evidence for 'reconsideration'" is not supported by chapter 246-14 WAC.
¶ 28 The Newmans also cite to WAC 246-11-600(2), which states that "[n]otice of the opportunity for judicial review shall be provided in all final orders" and accuse the *849 Board of failing to disclose to the Newmans that they had a right to judicial review. Here, the trial court found that the March 20, 2008 letter was not misleading. Substantial evidence supports that finding. The March 20, 2008 letter from the Board stated that the Newmans "may wish to consult with [their] own attorney regarding the scope of any statutory appeal to the courts."
¶ 29 Fifth, the Newmans argue that RCW 34.05.542(3) provides for an extension of time "during any period that the petitioner did not know and was under no duty to discover or could not reasonably have discovered... that the agency action had a sufficient effect to confer standing upon the petitioner to obtain judicial review under this chapter." The record here shows that the Newmans knew or could have reasonably discovered the effect of the agency action based on the March 6 and March 20, 2008 letters addressed to Kenneth Newman and the November 10, 2008 letter to their lawyer. The effect of the agency action in relation to standing was set at the time of the agency action and did not change when the Board's lawyer took the position that the Newmans had standing. Thus, the time period to file a petition for judicial review was not affected by the Board's now-repudiated February 27, 2009 response conceding standing.

MOTION TO STRIKE
¶ 30 The Newmans argue that the trial court erred by striking the supplemental declaration of Kenneth Newman submitted on April 14, 2009. During the April 17, 2009 presentation hearing on the proposed order, the trial court stated that the declaration is "not something that could not have been produced earlier. By analogy, that's the same reason why I would decline to take additional evidence after an order." A trial court's ruling on a motion to strike is reviewed for abuse of discretion. See Sherman v. Kissinger, 146 Wash.App. 855, 870, 195 P.3d 539 (2008). Because the trial court articulated tenable reasons for granting the motion to strike the declaration filed over a month after oral argument on the writ petition and three days before the presentation hearing on the order, we affirm.

ATTORNEY FEES
¶ 31 The Newmans request attorney fees under RAP 18.1 and the private attorney general doctrine. Because the private attorney general doctrine has not been adopted in Washington, we reject their request. See Blue Sky Advocates v. State, 107 Wash.2d 112, 120-21, 727 P.2d 644 (1986).

MOTIONS ON APPEAL
¶ 32 The Newmans moved to supplement the record on appeal with information about the members of the Veterinary Board of Governors. The Newmans used this information in their reply brief to support their arguments about the deficiencies of the Board and its procedures. The Board moved to strike portions of the Newmans' reply brief and objected to the Newmans' motion to supplement. The intervenors joined the Board's motion. The time for new evidence has long since passed, and the Newmans have not persuaded this court that they meet the requirements of RAP 9.11(a). Additionally, we grant the Board's motion to strike portions of the reply brief that are not "limited to a response to the issues in the brief to which the reply brief is directed." See RAP 10.3(c).
¶ 33 Affirmed.
WE CONCUR: DWYER, C.J., and LEACH, J.
NOTES
[*] Judge John M. Meyer is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.