IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| EDDIE VELEZ, | ) | No. 40190-1-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| WASHINGTON STATE DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

MURPHY, J. — Eddie Velez is a federal prisoner who was housed in a Washington

State correctional facility pursuant to an agreement between the Federal Bureau of

Prisons and the Washington State Department of Corrections (the Department). Velez

brought a writ of review before the superior court seeking to enjoin the Department's

deduction of funds for the crime victim's compensation account and the cost of

incarceration. Velez argued he is exempt from these deductions as a federal prisoner

housed in a state facility pursuant to an intergovernmental agreement. The superior court denied the writ of review and dismissed the case with prejudice. Velez's only assignment of error on appeal is that the superior court failed to follow established Supreme Court precedent allowing an inmate to pursue a writ of review to challenge deductions from inmate funds by the Department. Finding no error, we affirm.

FACTS

Velez is a federal prisoner sentenced in 2005 to life imprisonment by the United States District Court for the Eastern District of New York. In 2014, Velez was transferred to the custody of the Washington State Department of Corrections pursuant to an intergovernmental agreement between the Federal Bureau of Prisons and the State of Washington.

While in the Department's custody, Velez earned income by participating in an inmate work program and he also received funds from family and friends. Pursuant to RCW 72.09.111 and RCW 72.09.480, the Department deducted funds from Velez's wages/gratuities and inmate trust account for the crime victim's compensation fund and for costs of incarceration based on formulas contained in the statutes. The specifics of how deductions occur and how those deductions are calculated are further defined by Department of Corrections Policy 200.000 (Trust Accounts for Incarcerated Individuals).

On May 10, 2023, Velez filed a writ of review in the Spokane County Superior Court pursuant to RCW 7.16.040, and article IV, section 6 of the Washington State Constitution, seeking injunctive relief and reimbursement for the deducted funds. Velez sought to challenge the Department's authority to take the deductions, arguing that the deductions violated federal law, Velez's constitutionally protected rights against double jeopardy, and his constitutional right to due process and equal protection. Velez argued the Department agreed to exchange a Bureau of Prisons inmate for a Washington inmate "'at no cost to either party,'" but that the Department refused to absorb its costs by shifting those costs, at least partially, to Velez. Clerk's Papers (CP) at 13 (quoting CP at 29 (Modification Number One to Intergovernmental Agreement (IGA) 233 Between The State of Washington and Federal Bureau of Prisons)).

The Department opposed the writ of review on the grounds that: (1) Velez's claims were not properly raised through a writ of review, and (2) even if such claims were appropriately raised through a writ, state law required the deductions be made and the intergovernmental agreement did not exempt Velez from deductions for the costs of incarceration or the crime victim's compensation fund. In addition, the Department argued that the collected deductions were consistent with Velez's sentence, which did not prohibit the collection of statutory deductions.

No. 40190-1-III
*Velez v. Dep't of Corr.*

After a hearing, the superior court denied Velez's writ of review and dismissed the same with prejudice. The written order did not provide a basis for the superior court's decision, and Velez did not arrange on appeal for a transcription of the proceedings.[1]

ANALYSIS

Velez appeals from the order denying and dismissing his writ of review, claiming the superior court erred when it concluded that a writ of review was not the proper vehicle to challenge the Department's deductions from an inmate's funds. Velez argues this was error because in *Anderson v. Department of Corrections*, 159 Wn.2d 849, 154 P.3d 220 (2007), the Washington Supreme Court reviewed challenges to deductions from inmates' funds for legal financial obligations (LFOs), that was initiated through a writ of review in superior court. *Anderson* does not stand for the principle that a writ of review is the appropriate mechanism to challenge deductions from inmate funds.

---

[1] Velez notified this court he did not request a transcript from the hearing to perfect the record on appeal because he is indigent and does not believe a transcript exists. *See* Statement of Arrangements at 1. Velez attached what he termed an "affidavit" to his opening brief in which he stated the superior court denied the writ of review after concluding a writ was "not the proper format to pursue [his] claims," with the court recommending that Velez instead file a personal restraint petition. Br. of Appellant, Ex. 1. Other than the representations made by Velez, there is no report of proceedings in the record on review to confirm or verify the basis for the superior court's decision to deny and dismiss the writ of review.

4

The inmates in *Anderson* were sentenced to life without the possibility of parole or release (LWOP). 159 Wn.2d at 851. They challenged deductions from monies received from nonwork-related sources, including monies sent by their families, that were deducted to pay LFOs. *Id.* at 851. The inmates claimed "these deductions violated [former] RCW 72.09.480(7) [(2003)], which sets forth specific deductions to be taken from nonwork-related inmate income where the inmate has sentenced to LWOP or death, but does not include an LFO deduction." *Id.* at 851.

The *Anderson* inmates filed grievances with the Department to object to the deductions, with one Department trust account specialist agreeing with the inmates, and the Department ultimately consulting with the attorney general's office. *Id.* at 853. The Department responded to the inmates' grievances stating its reliance on RCW 72.11.020 to justify the LFO deductions. *Id.* at 853. It was after the inmates filed grievances, and with those grievances responded to, that the inmates sought relief in the superior court through a writ of review proceeding to declare the deductions illegal, arbitrary and capricious, and to permanently enjoin the Department from taking funds for payment of LFOs. *Id.* at 854. Shortly after the writs were filed, the secretary for the Department issued a letter to all inmates clarifying the Department's position on LFO deductions and outlining its authority under RCW 72.11.020 to make such deductions. *Id.* at 854. The superior court agreed with the Department, declined to order any change to the LFO

policy, and dismissed the inmates' cases. *Id.* at 854. The Supreme Court then decided

*Anderson* after accepting certification from Division Two of this court. *Id*. at 855.

Given the complicated statutory scheme at issue, the Supreme Court began

its analysis with a discussion of the relevant statutes and their history, including

RCW 72.11.020, which grants to the secretary of Department authority to take deductions

from inmates' accounts for payment toward LFOs, as long as the inmates' accounts did

not fall below the established level of indigency. *Id.* Reasoning that RCW 72.11.020

mandates that court-ordered LFOs shall be paid, and that RCW 72.11.030 states that

LFOs shall take priority over any other statutorily-imposed mandatory withdrawals, the

Supreme Court held that while RCW 72.09.480(7) does not mandate a specific deduction

for LFOs, RCW 72.11.020 does grant the Department the authority to impose LFO

deductions at its discretion, as long as the inmate account balances remain above the

indigency level. *Id.*

The *Anderson* court did not address the procedural issue of whether a writ of

review was an appropriate vehicle to challenge LFO deductions by the Department,

beyond acknowledging in a footnote that the *Anderson* inmates had requested relief in the

superior court through RCW 7.16.040 or, in the alternative, through the court's "inherent

power to review the Department's policy on LFO deductions pursuant to article IV,

section 6 of the state constitution." *Id*. at 854 n.2.

With regard to writs of review, there are (1) statutory writs, and (2) constitutional

writs. *Fed. Way Sch. Dist. No. 210 v. Vinson*, 172 Wn.2d 756, 767, 261 P.3d 145 (2011).

Review of a superior court's decision to deny a statutory writ of review is de novo.

*City of Seattle v. Holifield*, 170 Wn.2d 230, 240 240 P.3d 1162 (2010). Statutory writs are

"an extraordinary remedy" and "'should be granted sparingly.'" *Id.* at 239 (quoting

*City of Seattle v. Williams*, 101 Wn.2d 445, 455, 680 P.2d 1051 (1984)). Pursuant to

RCW 7.16.040,[2] the superior court is required to grant a statutory writ of review "'if the

petitioner can show that (1) an inferior tribunal or officer (2) exercising judicial functions

(3) exceeded its jurisdiction or acted illegally, and (4) there is no other avenue of review

or adequate remedy at law.'" *Newman v. Veterinary Bd. of Governors*, 156 Wn. App.

132, 140, 231 P.3d 840 (2010) (quoting *Clark County Pub. Util. Dist. No. 1 v. Wilkinson*,

139 Wn.2d 840, 845, 991 P.2d 1161 (2000)).

Review of a superior court's decision to deny a constitutional writ is for abuse of

discretion. *Barnett v. Dep't of Corr.*, 24 Wn. App. 2d 961, 972, 522 P.3d 52 (2022),

---

[2] RCW 7.16.040 states: "A writ of review shall be granted by any court, except a municipal or district court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law." We note that the record on review is silent as to any steps Velez took to pursue a grievance or make any assertive claim to the Department as to the alleged improper deductions prior to filing the writ of review.

*review denied*, 1 Wn.3d 1018, 532 P.3d 156 (2023). Article IV, section 6 of the Washington State Constitution grants superior courts the authority to review the actions of an inferior body, whether exercising judicial or administrative functions, "to determine whether the proceedings below were within the lower tribunal's jurisdiction and authority." *Saldin Sec., Inc. v. Snohomish County*, 134 Wn.2d 288, 292, 949 P.2d 370 (1998). A superior court will, therefore, accept review of a constitutional writ only if the litigant can assert facts that, if verified, would establish the inferior body's actions were "'illegal, arbitrary and capricious.'" *Barnett*, 24 Wn. App. 2d at 972 (quoting *Saldin*, 134 Wn.2d at 292). In instances where another adequate remedy at law is available, courts generally will deny review absent a showing of good cause for not using those methods. *Torrance v. King County*, 136 Wn.2d 783, 787-88, 966 P.2d 891 (1998). "However, crucially, this form of review lies 'always' within the trial court's broad discretion." *Barnett*, 24 Wn. App. 2d at 972 (quoting *Bridle Trails Cmty. Club v. City of Bellevue*, 45 Wn. App. 248, 252, 724 P.2d 1110 (1986)).

Velez contends the superior court erred in denying his writ of review based on its alleged finding that the writ was not the proper mechanism to assert his claims. The superior court's reasoning for denying Velez's writ is absent from the record on review. Velez sought review of the Department's actions under both RCW 7.16.040 (statutory writ of review) and article IV, section 6 of the Washington State Constitution

(constitutional writ of review). The Department argued for dismissal of the writ under both types of review.

Without a transcript of the superior court proceedings, this court can only speculate as to the reasoning behind the court's denial and dismissal of the writ. *See Sunderland Fam. Treatment Servs. v. City of Pasco*, 107 Wn. App. 109, 117, 26 P.3d 955 (2021). The superior court may have found it lacked jurisdiction to review the statutory writ under RCW 7.16.040 because all of the required statutory elements were not met. *See Wilkinson*, 139 Wn.2d at 845. It may have declined to exercise its inherent authority to grant review under article IV, section 6 of the Washington State Constitution because it found Velez failed to establish the Department's actions were illegal, arbitrary and capricious, or because it found that other avenues of relief were available. *Bridle Trails*, 45 Wn. App. at 252 (noting the court's power to grant a constitutional writ is "always discretionary" and "cannot be mandated by anyone"). Without a report of proceedings, this court is unable to analyze the basis for the superior court's decision.

While this court's review of whether the superior court abused its discretion in denying the constitutional writ is precluded without a complete record, this court can review the denial of a statutory writ through de novo review. *Barnett,* 24 Wn. App. 2d at 972; *see Holifield*, 170 Wn.2d at 240.

RCW 7.16.040 mandates that a statutory writ "shall be granted" if the statutory elements are met. It follows that if the elements were present, the superior court would have granted Velez's writ. In its briefing on appeal, the Department argues the denial was proper because the necessary elements were not met. Rather than provide meaningful argument under the statutory framework, Velez summarily concludes that the writ of review was procedurally proper and should have been granted because a prior superior court, in *Anderson*, 159 Wn.2d 849, accepted writs of review brought by other inmates who challenged deductions made by the Department. Velez misstates the holding in *Anderson*.

*Anderson* does not stand for the presumption that a writ of review is the proper mechanism in every challenge to deductions by the Department from inmate funds. The facts and issues addressed in *Anderson* are unhelpful to Velez. In *Anderson*, the inmates sough judicial review under a statutory writ or, in the alternative, a constitutional writ. The Supreme Court never indicated whether the superior court granted review via a statutory or constitutional writ. See *Anderson*, 159 Wn.2d at 853-54 & n.2. Without knowing whether the superior court found the elements necessary for statutory writs, or whether it instead exercised its discretion to grant constitutional writs, *Anderson* lends no support to either form of a writ of review. The fact that a superior court in *Anderson* reviewed the merits of the inmates' challenges to the Department's deductions via writs

of review does not conclusively determine that writs of review are appropriate in every

instance. More significantly, the *Anderson* court did not address whether writs of review

by the superior court were properly granted.

> Where the literal words of a court opinion appear to control an issue, but
> where the court did not in fact address or consider the issue, the ruling is
> not dispositive and may be reexamined without violating stare decisis in the
> same court or without violating an intermediate court's duty to accept the
> rulings of the Supreme Court. "*An opinion is not authority for what is not
> mentioned therein and what does not appear to have been suggested to the
> court by which the opinion was rendered.*" *Cont'l Mut. Sav. Bank v. Elliott*,
> 166 Wash. 283, 300, 6 P.2d 638, 81 A.L.R. 1005 (1932).

*In re Pers. Restraint of Stockwell*, 179 Wn.2d 588, 316 P.3d 1007 (2014) (emphasis

added) (quoting *ETCO, Inc. v. Dep't of Labor & Indus.*, 66 Wn. App. 302, 307, 831 P.2d

1133 (1992).

The only issue decided by the Supreme Court in *Anderson* was whether the

superior court correctly concluded the Department's deductions were lawful.

It is arguably an additional challenge on appeal that Velez asserts the superior

court's denial of his writ of review was in error because an inferior officer in the

Department exercised judicial functions and exceeded their jurisdiction when applying an

"arguably unconstitutional statute" to make the deductions, with Velez having no other

adequate remedy at law. Br. of Appellant at 4. Although there is a glimmer in Velez's

argument as to the elements of RCW 7.16.040, the conclusory contention that the

statutory elements required for a statutory writ were met is unsupported by any analysis or citation to authority. "Passing treatment of an issue, lack of reasoned argument, or conclusory arguments without citation to authority are not sufficient to merit judicial consideration." *In re Vulnerable Adult Pet. For Winter*, 12 Wn. App. 2d 815, 835, 460 P.3d 667 (2020). This court will not consider claims unsupported by meaningful analysis and therefore deem Velez's claim waived. *See* RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Moreover, we hold that a statutory writ of review should not have been granted because Velez had other adequate remedies at law, such as a personal restraint petition or a tort claim. *In re Pers. Restraint of Pierce*, 173 Wn.2d 372, 377, 268 P.3d 907 (2011) ("[I]f an inmate can show that the Department lacks authority to deduct funds from [their] account, [they] would meet [their] burden of proving unlawful restraint under RAP 16.4."); *see also In re Pers. Restraint of Metcalf*, 92 Wn. App. 165, 172-73, 963 P.2d 911 (1998); *Barnett*, 24 Wn. App. 2d at 973-74. Velez has not shown that he exhausted other avenues of review or adequate remedies at law prior to filing his writ of review. Because Velez failed to satisfy all the elements of RCW 7.16.040, it was not improper for the superior court to deny a statutory writ of review. *Wilkinson*, 139 Wn.2d at 845.

No. 40190-1-III
*Velez v. Dep't of Corr.*

CONCLUSION

We affirm the superior court's order denying the writ of review.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Murphy, J.

WE CONCUR:

_____
Staab, A.C.J.

_____
Cooney, J.

13