**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

NATHAN CHOI,

              Appellant,

              v.

WASHINGTON STATE DEPARTMENT
OF HEALTH, a Washington State
Agency,

JONH & JANE DOES 1-10, DOE
ENTITIES 1-10, All whose true names
are unknown at this time,

              Respondents.

No. 77112-4-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: November 19, 2018

2018 NOV 19 AM 8: 56
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

MANN, A.C.J. — Nathan Choi filed suit against the Washington State Department of Health (Department) alleging that the Department violated RCW 18.06.090 by licensing Gon Kim as an East Asian medicine practitioner. The State successfully moved to dismiss. Choi now appeals. We affirm.

I.

Choi sued the Department alleging that the Department violated RCW 18.06.090 by licensing Kim. Choi believed that Kim was not fluent in English, as required by

statute, and that serious professional complaints had been filed against Kim. Choi asked the court for "a judicial order and decree instructing the [Department] to revoke the East Asian Medicine Practitioner's License from" Kim.

The State moved to dismiss under CR 12(b)(1) and (b)(6). While this motion was pending, Choi filed a notice of his intent to depose Kim. The State filed a motion to quash this deposition, which the trial court granted. Choi then filed a motion for continuance so that he could file an affidavit of prejudice. Choi believed that the court's grant of the State's motion to quash was indicative of the fact that the trial judge, as a former State Assistant Attorney General, was biased and should have recused herself. The trial court denied Choi's motion for continuance and granted the State's motion to dismiss. Choi appeals.

## II.

We agree with the State that Choi does not have standing to bring this suit. Trepanier v. City of Everett, 64 Wn. App. 380, 382–83, 824 P.2d 524 (1992).

Choi alleged that the Department violated RCW 18.06.090 by licensing Kim as an East Asian medicine practitioner. RCW 18.06.090 provides that "[b]efore licensure, each applicant shall demonstrate sufficient fluency in reading, speaking, and understanding the English language to enable the applicant to communicate with other health care providers and patients concerning heath care problems and treatment." Choi argued that because Kim is not fluent in English, the Department should have revoked his license.[1]

---

[1] As an initial matter, we note that RCW 18.06.090 does not require that Kim be fluent in English but instead that he demonstrate he is sufficiently fluent to enable him to effectively communicate with health care providers and patients, which the Department has indicated can be satisfied by taking the required licensure examinations. WAC 246-830-130(1)(c) (An applicant for an East Asian medicine practitioner license who has graduated from a foreign school must "demonstrate fluency in reading,

No. 77112-4-I/3

The Washington Administrative Procedure Act (APA), chapter 34.05 RCW, is the exclusive remedy for the review of agency actions. ("This chapter establishes the exclusive means of judicial review of agency action."). RCW 34.05.510 (emphasis added). Here, Choi alleges that the Department violated the law when it failed to revoke Kim's license, thus Choi is asking for judicial review of agency action. See RCW 34.05.010(3) (agency actions includes licensing and the imposition of sanctions). Accordingly, the APA governs this dispute.

> A person has standing to obtain judicial review of agency action if that person is aggrieved or adversely affected by the agency action. A person is aggrieved or adversely affected within the meaning of this section only when all three of the following conditions are present:
> (1) The agency action has prejudiced or is likely to prejudice that person;
> (2) That person's asserted interests are among those that the agency was required to consider when it engaged in the agency action challenged; and
> (3) A judgment in favor of that person would substantially eliminate or redress the prejudice to that person caused or likely to be caused by the agency action.

RCW 34.05.530; Allan v. Univ. of Wash., 140 Wn.2d 323, 326, 997 P.2d 360 (2000). See also WAC 246-10-706(1) ("Judicial review of actions taken under this chapter shall be as provided in RCW 34.05.510, et seq.").

To meet this test, "a person must allege facts demonstrating that he or she is 'specifically and perceptibly' harmed by the agency decision. . . . When a person alleges a threatened injury, as opposed to an existing injury, the person must demonstrate an 'immediate, concrete, and specific injury to him or herself.'" Patterson v. Segale, 171 Wn. App. 251, 259, 289 P.3d 657 (2012) (quoting Trepanier v. City of Everett, 64 Wn.

---

speaking, and understanding the English language by taking the [East Asian medicine practitioner] examination").

-3-

App. 380, 382-83, 824 P.2d 524 (1992)). The party seeking to obtain judicial review of an agency action bears the burden of establishing standing. City of Burlington v. Wash. State Liquor Control Bd., 187 Wn. App. 853, 861, 351 P.3d 875 (2015).

Choi has not met his burden to establish standing. Choi has not demonstrated an immediate, concrete, or specific injury. Choi asserted that the Department's failure to revoke Kim's license violates the law, but has not explained how that alleged violation causes him any injury. Instead, Choi has alleged that he "is a member of the Public which [the Department] has an obligation to protect." But without any allegation of an immediate, concrete, and specific injury in fact, Choi's allegation is insufficient as a matter of law to establish standing. See Allan, 140 Wn.2d at 329 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

While the Supreme Court has also recognized "standing to challenge governmental acts on the basis of status as a taxpayer," State ex rel Boyles v. Whatcom County Superior Court, 103 Wn.2d 610, 614, 694 P.2d 27 (1985), Choi cannot meet this test either. "The mere fact that a taxpayer disagrees with a discretionary decision of the [agency] provides no basis for a suit challenging that decision. In order to maintain an action, the taxpayer must show . . . a unique right or interest that is being violated, in a manner special and different from the rights of other taxpayers." Greater Harbor 2000 v. City of Seattle, 132 Wn.2d 267, 281, 937 P.2d 1082 (1997) (quoting Am. Legion Post No. 32 v. City of Walla Walla, 116 Wn.2d 1, 7, 802 P.2d 784 (1991)). Choi has not shown either that he possesses a unique right or interest that is being violated or that he is in a special or different situation than the public at large. Accordingly, Choi does not have standing to bring this claim against the Department.

No. 77112-4-I/5

Because Choi lacks standing to bring this case we do not reach the questions relating to either the State's motion to quash and Choi's motion to continue.

We affirm.

_____ Mann, A.C.J.

WE CONCUR:

_____

_____ Becker, J.