# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| AUTOMOTIVE UNITED TRADES ORGANIZATION, a Washington nonprofit corporation, | No. 50652-1-II |
| Appellant, | |
| v. | |
| WASHINGTON PUBLIC DISCLOSURE COMMISSION, an agency of the State of Washington, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, J. — The Automotive United Trades Organization (AUTO) issued a citizen's action notice in which it accused Attorney General Bob Ferguson's political campaign committee of violating Washington's campaign contribution laws. The Washington Attorney General's Office (AGO) and the King County Prosecuting Attorney's Office (KCPAO) declined to act on this citizen's action notice; instead, they sent the Washington Public Disclosure Commission (PDC) letters informing the PDC that it could take action on AUTO's citizen's action notice if it desired.

The PDC similarly declined to take action on AUTO's citizen's action notice, and sent a letter to AUTO, the AGO, and the KCPAO detailing its decision. Nearly 60 days after receiving the PDC's letter, AUTO filed a petition to review the agency's action under the Administrative Procedure Act (APA). AUTO also filed a complaint claiming that the PDC violated the Open

Public Meetings Act (OPMA) by not posting its citizen's action notice on its regularly scheduled meeting agenda. The superior court dismissed AUTO's petition and complaint on summary judgment.

AUTO appeals the superior court's dismissal of its claims on summary judgment. We affirm.

## FACTS

### A. AUTO'S PETITION FOR RULEMAKING

AUTO is a nonprofit trade association comprised of motor fuel retailers and suppliers doing business in Washington State. AUTOMOTIVE UNITED TRADES ORGANIZATION, http://www.autowa.org/index.html (last visited May 8, 2019). In February 2016, AUTO filed a petition for rulemaking with the PDC, a state agency responsible for monitoring political campaigns, candidates, and lobbyists, and enforcing Washington's campaign finance disclosure laws.

AUTO's petition asked the PDC to adopt a new rule that would define political contributions received from tribal governments as "public funds" under Washington's campaign disclosure and contribution laws. Clerk's Papers (CP) at 33. In March 2016, the PDC denied this request.

### B. AUTO'S CITIZEN'S ACTION NOTICE

In May 2016, AUTO sent to the AGO a citizen's action notice, which alleged that the Friends of Bob Ferguson (Attorney General Bob Ferguson's reelection campaign) had violated campaign contributions laws by receiving contributions from Indian tribes. Because this citizen's

action notice involved the Attorney General's reelection campaign, the AGO had a conflict of interest and declined to participate.

The AGO sent to the PDC and the KCPAO a letter explaining the conflict and informing the PDC that it could act on AUTO's citizen's action notice under RCW 42.17A.130, which authorizes the PDC " 'to carry out any function of the attorney general prescribed by this chapter.' " CP at 36 (quoting RCW 42.17A.130). The AGO sent a copy of this letter to AUTO.

The AGO claimed that RCW 42.17A.765 authorized the local prosecutor to also act on its citizen's action notice.[1] But the KCPAO declined to take action on AUTO's citizen's action notice. The KCPAO sent a letter to AUTO and the PDC explaining its decision and stating that the "PDC has primary enforcement authority in this area." CP at 38.

The PDC discussed both the AGO's and the KCPAO's letters at its next regular meeting on May 26. The posted meeting agenda for the May 26 meeting did not specifically identify AUTO's citizen's action notice as a topic. However, the meeting agenda did identify "Follow Up From Prior Meetings" and "Enforcement" as topics. CP at 54.

During the May 26 meeting, the PDC members debated whether the agency had statutory authority to act on AUTO's citizen's action notice. The Executive Director of the PDC did not

---

[1] Former RCW 42.17A.765 (2010) authorized the local prosecutor's office to act on a citizen's action notice for violation of campaign disclosure and contribution laws. In 2018, the legislature amended chapter 42.17A RCW and added a new section governing citizen's actions based on violations of campaign disclosure and contribution laws. RCW 42.17A.775. Under RCW 42.17A.775, "a person must notify the attorney general and the commission that he or she will commence a citizen's action within ten days if the commission does not take action or, if applicable, the attorney general does not commence an action." RCW 42.17A.775(3). "Commission" is defined as the Public Disclosure Commission. RCW 42.17A.005(12); RCW 42.17A.100.

3

believe that the PDC could "stand in the shoes of the Attorney General" in this situation. CP at 132. Nonetheless, she explained that she "could ignore [her] feelings about what the statute says" and send a letter to AUTO explaining that the PDC was not going to take any enforcement action based on its citizen's action notice. CP at 132.

On June 17, the PDC sent AUTO a 6-page letter explaining that the PDC was not going to act on AUTO's citizen's action notice (June 17 letter). AUTO received the PDC's letter on June 20. The letter first explained that the AGO and the KCPAO had deferred to the PDC on whether to act on AUTO's citizen's action notice. The letter then addressed the merits of AUTO's grievance and explained in detail that political campaign contributions from Indian tribes are not considered "public funds" by statute. CP at 108. As a result, the PDC concluded that the Friends of Bob Ferguson had not violated Washington campaign finance laws by accepting contributions from Indian tribes. The letter also stated that "[t]he PDC does not plan to commence an action pursuant to RCW 42.17A.765(4)." CP at 112. The AGO, the KCPAO, and the Friends of Bob Ferguson Campaign were copied on this letter.

C.      AUTO's Litigation Against Friends of Bob Ferguson

On July 6, 2016, AUTO filed a citizen's action against Friends of Bob Ferguson. On August 31, Friends of Bob Ferguson sent AUTO a letter explaining that AUTO's claims were contrary to Washington law and brought without a reasonable basis. The letter referenced the PDC's June 17 letter, which explained that the prohibition against use of public funds to finance political campaigns did not extend to tribal campaign donations.

Friends of Bob Ferguson filed a CR 12(b)(6) motion to dismiss AUTO's citizen's action, arguing that AUTO's complaint should be dismissed based on the plain language of the Fair

Campaign Practices Act, its legislative history, and general principles of Indian law. The motion

referenced the PDC's March 2016 letter denying AUTO's rulemaking petition, which concluded

that " 'the statutory language in RCW 42.17A.550 and .555 does not apply to Native American

Tribes or tribal funds.' "[2] CP at 153. The motion did not reference the PDC's June 17 letter

declining to act on AUTO's citizen's action notice.[3]

D.      AUTO's ETHICS COMPLAINT

On August 16, AUTO filed an ethics complaint against the PDC with the AGO and the

Executive Ethics Board, claiming that as a result of reading the letter "a reader is left with the

impression AUTO's citizen's action was flawed and without merit." CP at 186. AUTO also

claimed that the PDC violated numerous statutes when it circulated the June 17 letter and that the

letter contained "numerous questionable legal opinions." CP at 184.

E.      AUTO's PETITION FOR REVIEW AND COMPLAINT

On August 17, AUTO filed a petition for review of the PDC's June 17 letter declining to

take action on AUTO's citizen's action and a complaint for violation of the Open Public Meetings

Act (OPMA).[4] As to the petition for review, AUTO alleged that the PDC violated the APA by

---

[2] Friends of Bob Ferguson claimed that this quoted language came from the PDC's March 2016 letter denying AUTO's rulemaking petition. However, the PDC's letter denying the petition for rulemaking does not contain this statement. The PDC's June 17 letter declining to take action on AUTO's citizen's action notice similarly does not contain this quoted statement.

[3] The record does not show whether Friends of Bob Ferguson's motion to dismiss was granted. However, AUTO claimed that the PDC's letter was "used successfully" in that litigation, which suggests that the superior court granted Friends of Bob Ferguson's motion to dismiss AUTO's citizen's action. *See* CP at 73.

[4] AUTO's original petition stated it was a complaint for violation of the APA, rather than a petition for review under the APA. AUTO filed an amended petition the day after it filed its original

failing to hold a hearing to determine whether a campaign violation had occurred. AUTO also alleged that the PDC did not have authority to issue a response to AUTO's citizen's action notice. AUTO further alleged that "[t]he issuance of the letter, which purported to determine that Friends of Bob Ferguson did not violate the law, exceeded the PDC's authority, was arbitrary and capricious, and violated the APA." CP at 10. As to its complaint for violation of the OPMA, AUTO claimed that the PDC had violated the OPMA when it failed to provide notice that it would be addressing AUTO's citizen's action at its May 26 meeting.

The PDC moved to dismiss AUTO's amended petition for review and complaint on summary judgment. The PDC argued that AUTO's amended petition for review should be dismissed as untimely because it was filed more than 30 days after the agency action. The PDC also argued that AUTO's complaint under the OPMA should be dismissed because an agency is allowed to modify its meeting agenda without posting notice of that modification. The PDC further argued that AUTO had failed to show that a member of the PDC knowingly violated the OPMA by permitting the agenda modification.

In response, AUTO argued that its amended petition for review was not untimely because AUTO did not know it had standing to challenge the PDC's June 17 letter until August 31, when Friends of Bob Ferguson referenced the letter in its motion to dismiss AUTO's citizen's action against Friends of Bob Ferguson. In support, AUTO submitted the declaration of its Executive Director Tim Hamilton, wherein Hamilton admitted that AUTO received the PDC's June 17 letter

_____

petition. The amended petition sought review of the PDC's June 17 letter and complaint for violation of the OPMA.

on June 20, but claimed that he "had no idea what the PDC was doing" when PDC sent the letter because the PDC "had nothing to do with" its citizen's action. CP at 81.

The superior court granted the PDC's motion for summary judgment, and dismissed AUTO's amended petition for review and complaint. AUTO appeals.

ANALYSIS

A.    LEGAL PRINCIPLES

We review the grant of summary judgment de novo, viewing the evidence and all reasonable inferences from that evidence in the light most favorable to the nonmoving party. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). A material fact is one that could affect the outcome of the litigation. *Hood Canal Sand & Gravel, LLC v. Goldmark*, 195 Wn. App. 284, 298, 381 P.3d 95 (2016). An issue of material fact is genuine if the evidence is sufficient for a reasonable fact finder to return a verdict in favor of the nonmoving party. *Keck*, 184 Wn.2d at 370.

B.    AUTO'S PETITION FOR REVIEW UNDER THE APA WAS NOT TIMELY

AUTO argues that the superior court erred in dismissing its petition for review under the APA. We disagree.

Judicial review of an agency action is governed by the APA. *Patterson v. Segale*, 171 Wn. App. 251, 257, 289 P.3d 657 (2012). Under the APA:

> [a] petition for judicial review of agency action other than the adoption of a rule or the entry of an order is not timely unless filed with the court and served on the agency, the office of the attorney general, and all other parties of record within thirty days after the agency action, but the time is extended during any period that the petitioner did not know and was under no duty to discover or could not

7

reasonably have discovered that the agency had taken the action or that the agency action had a sufficient effect to confer standing upon the petitioner to obtain judicial review under this chapter.

RCW 34.05.542(3).

A party has standing to obtain judicial review of an agency action if that person is aggrieved or adversely affected by the agency action. RCW 34.05.530. A party is aggrieved or adversely affected only when three conditions are present:

(1) The agency action has prejudiced or is likely to prejudice that person;
(2) That person's asserted interests are among those that the agency was required to consider when it engaged in the agency action challenged; and
(3) A judgment in favor of that person would substantially eliminate or redress the prejudice to that person caused or likely to be caused by the agency action.

RCW 34.05.530.

The first and third requirements of this standing test are collectively referred to as the " 'injury-in-fact' test." *Patterson*, 171 Wn. App. at 258 (quoting *Allan v. Univ. of Wash.*, 140 Wn.2d 323, 327, 997 P.2d 360 (2000)). To satisfy this "injury-in-fact" test, a party must show prejudice, meaning the party must allege facts demonstrating that he or she is " 'specifically and perceptibly harmed' by the agency decision." *Id.* at 259 (quoting *Trepanier v. City of Everett*, 64 Wn. App. 380, 3823, 824 P.2d 524, *review denied*, 119 Wn.2d 1012 (1992)).

The agency action at issue here is the PDC's June 17 letter that AUTO received on June 20, wherein the PDC declined to take action on AUTO's citizen's action notice. AUTO acknowledges that it received the June 17 letter on June 20, but it did not file its petition for review until August 17, nearly 60 days after receiving it.

8

Nonetheless, AUTO contends that the APA's 30 day timeline was extended because the letter did not have sufficient effect to confer standing upon AUTO until August 31, when the Friends of Bob Ferguson referenced the letter in its motion to dismiss AUTO's citizen's action. According to AUTO, it only suffered an injury-in-fact from the PDC's June 17 letter on August 31, when Friends of Bob Ferguson cited to the June 17 letter in separate litigation involving AUTO.

AUTO's claim that it was unaware that it had standing to challenge the PDC's June 17 letter until August 31 is puzzling in light of the fact that AUTO filed a petition for review of that letter on August 17. AUTO argues that the harm from the PDC's June 17 letter occurred when it "was used to infringe on [AUTO]'s right to pursue its claims against Friends of Bob Ferguson." Br. of Appellant at 17.

Contrary to AUTO's claim, the record does not show that the PDC's June 17 letter was used in this way by Friends of Bob Ferguson in AUTO's citizen's action. Friends of Bob Ferguson never argued that the PDCs June 17 letter barred AUTO's claim. Rather, Friends of Bob Ferguson referenced the PDC's March 2016 letter denying AUTO's petition for rulemaking to bolster its argument that the plain language of Washington's campaign contribution laws do not prohibit political committees from accepting campaign donations from tribes. Thus, the record shows that Friends of Bob Ferguson's did not reference the PDC's June 17 letter; instead, it referenced the PDC's March 2016 letter denying AUTO's petition for rulemaking, which preceded the June 17 letter declining to take action on AUTO's citizen's action notice.

Moreover, contrary to AUTO's assertion, it could have reasonably discovered the potential harm that the PDC's June 17 letter might cause immediately upon reading the letter. AUTO admitted in its August 16 ethics complaint that as a result of reading the June 17 letter "a reader is

left with the impression AUTO's citizen's action was flawed and without merit." CP at 186. Thus, the potential prejudice of the June 17 letter was immediately apparent to AUTO.

Also, AUTO's claim that it could not have known the purpose of the PDC's June 17 letter is without merit. The PDC very clearly explained that it issued the letter in response to AUTO's citizen's action notice because both the AGO and the KCPAO had deferred to the PDC on the issue. The letter then detailed the merits of AUTO's grievance against Friends of Bob Ferguson and explained that the plain language of the applicable statutes did not support AUTO's claim that Friends of Bob Ferguson had violated campaign finance laws. The PDC concluded the letter by notifying AUTO that it did not plan to commence an action based on AUTO's citizen's action notice.

Thus, the clear purpose of the PDC's June 17 letter was to assess the merits of AUTO's claim against Friends of Bob Ferguson in response to AUTO's citizen's action notice and to explain why the PDC was not taking action on AUTO's citizen's action notice. AUTO reasonably should have known that the June 17 letter detailing why its citizen's action was meritless would cause it specific and perceptible harm. This is especially true given that Friends of Bob Ferguson had been copied on the letter.

Because the potential prejudice of the PDC's June 17 letter was apparent on June 20, when AUTO received the letter, the timeline for AUTO to petition for review of the agency action was not extended under RCW 34.05.542(3). AUTO failed to timely file its petition for review, and thus, its petition was time barred under RCW 34.05.542(3). Accordingly, we affirm summary judgment dismissal of AUTO's petition for review under the APA.

C.      AUTO FAILS TO SHOW THAT THE PDC VIOLATED THE OPMA

AUTO contends that the superior court erred in dismissing on summary judgment its complaint alleging a violation under the OPMA because it presented evidence that the PDC never included its citizen's action notice in its May 26 meeting agenda.  AUTO's challenge fails.

Under the OPMA, "[p]ublic agencies with governing bodies must make the agenda of each regular meeting of the governing body available online no later than twenty-four hours in advance of the published start time of the meeting."  RCW 42.30.077.  However, "[n]othing in this section prohibits subsequent modifications to agendas nor invalidates any otherwise legal action taken at a meeting where the agenda was not posted in accordance with this section."  RCW 42.30.077.  And an agency's failure to post an agenda in accordance with this section does not provide a basis for "commencing an action for mandamus or injunction."  RCW 42.30.077.

Here, the relief that AUTO requested for the PDC's alleged failure to post its meeting agenda was "a decree invalidating the June 17, 2016, letter, and any determination, order or ruling that it reflects."  CP at 10.  This remedy is not available under RCW 42.30.077.  The statute expressly states that noncompliance with this requirement does not invalidate any otherwise legal action taken at the meeting in which the agenda was not posted.  RCW 42.30.077.  And an agency's failure to post an agenda does not provide a basis for "commencing an action for mandamus or injunction."  RCW 42.30.077.

Under former RCW 42.17A.755(1) (2012), the PDC "may (a) determine whether an actual violation of [the campaign disclosure an contribution] chapter has occurred; and (b) issue and enforce an appropriate order following such a determination."  RCW 42.17A.105(5) states that the PDC shall "[u]pon complaint or upon its own motion, investigate and report apparent violations

of this chapter to the appropriate law enforcement authorities." Thus, the PDC's June 17 letter, in which it determined that no violation of the campaign disclosure and contribution laws had occurred, was a legal action. Therefore, we need not decide whether the PDC violated the OPMA by failing to specifically include AUTO's citizen's action notice on its agenda because RCW 42.30.077 expressly states that noncompliance with this requirement does not invalidate any otherwise legal action taken at the meeting in which the agenda was not posted. RCW 42.30.077. Summary judgment dismissal of AUTO's complaint under the OPMA was proper.[5]

D.    ATTORNEY FEES ON APPEAL

AUTO requests an award of attorney fees pursuant to RCW 42.30.120(4) and RCW 42.17A.755. RCW 42.30.120(4) entitles a prevailing party in an action against a public agency under the OPMA to an award of costs, including reasonable attorney fees. AUTO is not the prevailing party and, therefore, is not entitled to attorney fees. And even if AUTO had prevailed in this appeal, RCW 42.30.077 states that an agency's failure to make its regular meeting agenda available online is not a basis for awarding attorney fees.

Also, RCW 42.17A.755 governs enforcement of campaign disclosure and contribution laws, and states that the PDC "may initiate or respond to a complaint, request a technical correction, or otherwise resolve matters of compliance with this chapter." RCW 42.17A.755(1). However, RCW 42.17A.755 does not provide any basis for an award of attorney fees.[6]

---

[5] AUTO also asks this court to remand this case with instruction to the superior court to enter summary judgment in favor of AUTO on the merits of its APA and OPMA claims. Because summary judgment dismissal of AUTO's claims was proper, we need not address this request.

[6] In its reply brief, AUTO asks for an award of attorney fees under RCW 4.84.350. RCW 4.84.350(1) provides an award of reasonable attorney fees to a qualified party that prevails in a

No. 50652-1-II

AUTO is not entitled to attorney fees on appeal. Therefore, we deny AUTO's request for attorney fees on appeal.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, C.J.

Melnick, J.

judicial review of an agency action. Because AUTO is not a prevailing party, it is not entitled to attorney fees under RCW 4.84.350.