# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| FREEDOM FOUNDATION, a Washington nonprofit organization, in the name of the State of Washington, | No. 53415-1-II |
| Appellant, | |
| v. | |
| BETHEL SCHOOL DISTRICT; WASHINGTON STATE PUBLIC DISCLOSURE COMMISSION, | |
| Respondents. | Consolidated |
| FREEDOM FOUNDATION, a Washington nonprofit organization, in the name of the State of Washington, | No. 53430-4-II |
| Appellant, | |
| v. | |
| BETHEL SCHOOL DISTRICT; WASHINGTON STATE PUBLIC DISCLOSURE COMMISSION, | PUBLISHED OPINION |
| Respondents. | |

WORSWICK, J. — This consolidated appeal arises from two superior court actions brought by Freedom Foundation regarding Bethel School District's processing of payroll deductions. First, Freedom Foundation filed a citizen's action against the District, alleging a violation of the Fair Campaign Practices Act (FCPA), RCW 42.17A.775. The superior court granted the District's motion for summary judgment dismissal. Second, Freedom Foundation filed a petition for judicial review of the Public Disclosure Commission's (PDC's) decision to dismiss Freedom

No. 53415-1-II;
Cons. No. 53430-4-II

Foundation's complaint to the PDC regarding the District's conduct. Both the PDC and the District moved to dismiss, albeit under different rules. The superior court granted the PDC's CR 12(b)(6) motion to dismiss and the District's motion for summary judgment dismissal.

On appeal, Freedom Foundation argues that the superior court erred in dismissing its actions because the District violated the FCPA, discovery remained outstanding in the citizen's action, and the District failed to meet its burden at summary judgment regarding the citizen's action. The District and the PDC argue that Freedom Foundation lacks the authority to bring a citizen's action and lacks standing to seek judicial review of the PDC's dismissal.

We agree with the District and the PDC. We hold that Freedom Foundation does not have authority to bring a citizen's action and that it lacked standing to seek judicial review of the PDC's dismissal. As a result, we do not consider Freedom Foundation's remaining arguments. Accordingly, we affirm.

FACTS

RCW 42.17A.495(3) allows employees to make written requests for payroll deductions to political committees. RCW 28A.405.400 requires school districts to make these payroll deductions if at least 10 percent of the school district's employees make a written request specifying the same payee. Approximately 24 percent of the District's employees designated the Washington Education Association's Political Action Committee (WEA-PAC) as a payroll deduction payee, and 17 percent designated the National Education Association Fund for Children and Public Educations (NEA-FCPE). As a result, the District processes these payroll deductions monthly and has done so for several years.

2

In June 2018, Freedom Foundation filed a complaint with the PDC regarding the District's payroll deductions. Freedom Foundation alleged that the District improperly used public facilities in violation of RCW 42.17A.555 to process employee payroll contributions to WEA-PAC and NEA-FCPE.

In September, the PDC found that evidence did not support a violation of RCW 42.17A.555 by the District. As a result, the PDC "closed the matter" and did not conduct a formal investigation into Freedom Foundation's complaint. Clerk's Papers (CP) at 24. Following the PDC's closing of the matter, Freedom Foundation filed two separate actions in Thurston County Superior Court.

First, Freedom Foundation filed a citizen's action complaint against the District. The District moved for summary judgment dismissal. The superior court granted the District's motion for summary judgment and dismissed the citizen's action complaint.

Second, Freedom Foundation filed an action seeking judicial review under the Administrative Procedure Act[1] (APA) of the PDC's dismissal of Freedom Foundation's initial complaint. The superior court granted the PDC's CR 12(b)(6) motion to dismiss and the District's motion for summary judgment dismissal of the action seeking judicial review under the APA.

Freedom Foundation appeals three orders from the two actions: (1) the order granting the District's motion for summary judgment dismissal regarding the citizen's action, (2) the order granting the PDC's motion to dismiss regarding judicial review under the APA, and (3) the order

---

[1] Chapter 34.05 RCW.

No. 53415-1-II;
Cons. No. 53430-4-II

granting the District's motion for summary judgment dismissal regarding judicial review under

the APA. We consolidated these appeals.

## ANALYSIS

### I. CITIZEN'S ACTION COMPLAINT

The District and the PDC argue that Freedom Foundation lacks the statutory authority to

bring a citizen's action following the PDC's timely dismissal of its complaint. We agree.

A.      *Legal Principles*

We review motions for summary judgment de novo. *Voters Educ. Comm. v. Wash. State*

*Pub. Disclosure Comm'n*, 161 Wn.2d 470, 481, 166 P.3d 1174 (2007). Summary judgment is

appropriate when there are no genuine issues of material fact and the moving party is entitled to

judgment as a matter of law. CR 56(c). We view all evidence in a light most favorable to the

nonmoving party. *Utter v. Bldg. Indus. Ass'n*, 182 Wn.2d 398, 406, 341 P.3d 953 (2015).

We also review issues of statutory interpretation de novo. *State v. Evergreen Freedom*

*Found.*, 192 Wn.2d 782, 789, 432 P.3d 805 (2019) (plurality opinion). When engaging in

statutory interpretation, we endeavor to determine and give effect to the legislature's intent.

*Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014). In determining the legislature's

intent, we must first examine the statute's plain language and ordinary meaning. *Jametsky*, 179

Wn.2d at 762. Legislative definitions included in the statute are controlling, but in the absence

of a statutory definition, we give the term its plain and ordinary meaning as defined in the

dictionary. *State v. Econ. Development Bd.*, 9 Wn. App. 2d 1, 10, 441 P.3d 1269 (2019). In

addition, we consider the specific text of the relevant provision, the context of the entire statute,

4

No. 53415-1-II;
Cons. No. 53430-4-II

related provisions, and the statutory scheme as a whole when analyzing a statute's plain language. *Lowy v. PeaceHealth*, 174 Wn.2d 769, 779, 280 P.3d 1078 (2012).

> We liberally construe the FCPA
>
> to promote complete disclosure of all information respecting the financing of political campaigns and lobbying, and the financial affairs of elected officials and candidates, and full access to public records so as to assure continuing public confidence of fairness of elections and governmental processes, and so as to assure that the public interest will be fully protected.

RCW 42.17A.001(11).

B.      *RCW 42.17A.755 and RCW 42.17A.775*

A person who believes the FCPA has been violated may bring an action in the name of the State against the alleged violator in certain circumstances. RCW 42.17A.775(1). This type of action, termed a citizen's action, has always been subject to prerequisites. RCW 42.17A.775; former RCW 42.17A.765 (2010); *Utter*, 182 Wn.2d at 407. And recently, the legislature amended the citizen's action process. *See* former RCW 42.17A.765; RCW 42.17A.775.

Before June 7, 2018, a person could file a citizen's action after giving notice to the attorney general if the attorney general failed to commence an action regarding the alleged FCPA violation within 45 days. Former RCW 42.17A.765(4); *Utter*, 182 Wn.2d at 407. Under the former statute, a citizen's action was precluded only if the attorney general or local prosecutor brought a suit. *Utter*, 182 Wn.2d at 412. The former statute did not preclude a citizen's action where the Attorney General declined to bring an action. *Utter*, 182 Wn.2d at 407; former RCW 42.17A.765(4).

5

No. 53415-1-II;
Cons. No. 53430-4-II

In 2018, the legislature amended the citizen's action provisions. LAWS OF 2018, Reg. Sess., ch. 304, § 14.[2] The legislature removed the citizen's action provisions from former RCW 42.17A.765 and created RCW 42.17A.775, which set forth new requirements for a citizen's action. RCW 42.17A.775 states in relevant part:

> (2) A citizen's action may be brought and prosecuted only if the person first has filed a complaint with the commission and:
>
> (a) *The commission has not taken action authorized under RCW 42.17A.755(1) within ninety days of the complaint being filed with the commission*, and the person who initially filed the complaint with the commission provided written notice to the attorney general in accordance with RCW 42.17A.755(5) and the attorney general has not commenced an action, or published a decision whether to commence action pursuant to RCW 42.17A.765(1)(b), within forty-five days of receiving the notice;
>
> (b) For matters referred to the attorney general within ninety days of the commission receiving the complaint, the attorney general has not commenced an action, or published a decision whether to commence an action pursuant to RCW 42.17A.765(1)(b), within forty-five days of receiving referral from the commission;
>
> . . . .
>
> (3) To initiate the citizen's action, after meeting the requirements under subsection (2) (a) and (b) of this section, a person must notify the attorney general and the commission that the person will commence a citizen's action within ten days if the commission does not take action authorized under RCW 42.17A.755(1), or the attorney general does not commence an action or publish a decision whether to commence an action pursuant to RCW 42.17A.765(1)(b). The attorney general and the commission must notify the other of its decision whether to commence an action.

RCW 42.17A.775 (emphasis added).

---

[2] The statute was also amended in 2019. LAWS OF 2019, Reg. Sess., ch. 428, § 40. However, these amendments are not material to this appeal. Thus, we cite the current statute.

6

No. 53415-1-II;
Cons. No. 53430-4-II

As referenced in RCW 42.17A.775(2)(a), the PDC may act on a complaint as authorized by RCW 42.17A.755(1).[3]  This statute states:

> The commission may initiate or respond to a complaint, request a technical correction, or otherwise resolve matters of compliance with this chapter, in accordance with this section. If a complaint is filed with or initiated by the commission, the commission must:
>
> (a) *Dismiss the complaint* or otherwise resolve the matter in accordance with subsection (2) of this section, as appropriate under the circumstances after conducting a preliminary review;
>
> (b) Initiate an investigation to determine whether a violation has occurred, conduct hearings, and issue and enforce an appropriate order, in accordance with chapter 34.05 RCW and subsection (3) of this section; or
>
> (c) Refer the matter to the attorney general . . . .

RCW 42.17A.755(1) (emphasis added).

C.      *Freedom Foundation's Citizen's Action Complaint*

Freedom Foundation argues that this court should construe RCW 42.17A.755 and RCW 42.17A.775 to mean it has authority to file a citizen's action.  Specifically, Freedom Foundation argues, "The only natural and logical way to read RCW 42.17A.755(1), and to read it harmoniously with the next subsection (2), is that for the PDC to 'dismiss the complaint' is identical, in legal effect, to actions it may take to 'otherwise resolve the matter . . . .'"  Br. of Appellant at 11.  We hold that, based on the plain language of RCW 42.17A.755 and RCW 42.17A.775, Freedom Foundation cannot bring a citizen's action following the PDC's timely dismissal of its complaint.

---

[3] The statute was also amended in 2019.  LAWS OF 2019, Reg. Sess., ch. 428, § 38 .  However, these amendments are not material to this appeal.  Thus, we cite the current statute.

7

To meet RCW 42.17A.775's prerequisites for a citizen's action, the PDC must fail to take action within 90 days of receiving a complaint. Actions the PDC may take include dismissing the complaint. RCW 42.17A.755(1)(a). Here, the PDC dismissed Freedom Foundation's complaint when it "closed the matter" and did not conduct a formal investigation.[4] CP at 24. The PDC took this action within 90 days of Freedom Foundation filing the complaint. Thus, by the plain language of RCW 42.17A.775, Freedom Foundation does not meet the prerequisites for filing a citizen's action because the PDC acted timely on the complaint.

Freedom Foundation also makes a policy argument that it should be allowed to bring a citizen's action based on the FCPA's general purpose and *Utter v. Bldg. Indus. Ass'n*, 182 Wn.2d 398.[5] Freedom Foundation appears to argue that because the FCPA contains broad policy statements, the legislature cannot amend statutory provisions that Freedom Foundation believes go against those policies. Freedom Foundation is mistaken. *See Associated Press v. Wash. State Legislature*, 194 Wn.2d 915, 930-31, 454 P.3d 93 (2019) (plurality opinion).

---

[4] Freedom Foundation acknowledges that the PDC dismissed its complaint. Br. of Appellant at 38 ("[T]he Foundation has a clear injury-in-fact that results from the PDC dismissing its complaint.").

[5] Freedom Foundation also quotes *Washington v. Facebook, Inc.*, 2018 WL 5617145 at *1 (W.D. Wash. Oct. 30, 2018), a federal district court opinion which stated, "A citizen may bring an action to enforce the [FCPA] only after the Commission or the Attorney General declines to bring a suit." The issue in that case concerned the State of Washington's motion to remand the matter to state court. The sentence that Freedom Foundation quotes in its briefing is from the facts section and is purely dictum. *Protect the Peninsula's Future v. City of Port Angeles*, 175 Wn. App. 201, 215, 304 P.3d 914 (2013) ("A statement is dicta when it is not necessary to the court's decision in a case.") Further, as discussed above, this dictum does not comport with the 2018 amendments on the citizen's action requirements.

Further, Freedom Foundation's reliance on *Utter* is misplaced. *Utter* analyzed former RCW 42.17A.765. 182 Wn.2d at 407. Under former RCW 42.17A.765(4), a person could file a citizen's action after giving notice to the attorney general if the attorney general failed to commence an action regarding the alleged FCPA within 45 days. *Utter*, 182 Wn.2d at 407. The former statute did not preclude a citizen's action where the attorney general declined to bring an action. *Utter*, 182 Wn.2d at 412; former RCW 42.17A.765(4).

The 2018 amendments removed the citizen's action provisions from former RCW 42.17A.765 and created RCW 42.17A.775. LAWS OF 2018, Reg. Sess., ch. 304, § 14. The new statute altered the prerequisites for a citizen's action. Now, the PDC must fail to take action, including dismissal, within 90 days of receiving a complaint before a citizen's action may be filed. RCW 42.17A.775; RCW 42.17A.755(1). *Utter* was decided before the 2018 amendments and is not helpful in construing the new language. The plain language of the 2018 amendments to the FCPA are clear. Accordingly, we hold that the trial court did not err when granting the District's motion for summary judgment dismissal of the citizen's action.

## II. JUDICIAL REVIEW UNDER THE APA

The District and the PDC argue that Freedom Foundation lacks standing under the APA to challenge the PDC's dismissal of Freedom Foundation's PDC complaint. Freedom Foundation argues that it has standing because it was a party to the PDC complaint and because it suffered harm. We hold that Freedom Foundation lacks standing to challenge the dismissal of its PDC complaint because it was not a party to the PDC complaint, but rather a mere complainant, and because it did not suffer specific and perceptible harm.

We review a trial court's ruling to dismiss a claim under CR 12(b)(6) de novo. *Kinney v. Cook*, 159 Wn.2d 837, 842, 154 P.3d 206 (2007). Dismissal is proper if, beyond a reasonable doubt, the plaintiff cannot prove any set of facts that would justify recovery. *Kinney*, 159 Wn.2d at 842.

We also review standing de novo. *City of Burlington v. Wash. State Liquor Control Bd.*, 187 Wn. App. 853, 861, 351 P.3d 875 (2015). A person has standing to obtain judicial review of an agency action if that person is aggrieved or adversely affected by the agency action. RCW 34.05.530. A person is aggrieved or adversely affected only when three conditions are present:

> (1) The agency action has prejudiced or is likely to prejudice that person;
>
> (2) That person's asserted interests are among those that the agency was required to consider when it engaged in the agency action challenged; and
>
> (3) A judgment in favor of that person would substantially eliminate or redress the prejudice to that person caused or likely to be caused by the agency action.

RCW 34.05.530. The first and third prongs are the "injury-in-fact" requirements, and the second prong is the "zone of interest" requirement. *Allan v. Univ. of Wash.*, 140 Wn.2d 323, 327, 997 P.2d 360 (2000). All three requirements must be established for a person to have standing. *Allan*, 140 Wn.2d at 326-27. The person or entity challenging the agency action has the burden to prove standing. *KS Tacoma Holdings, LLC v. Shoreline Hr'gs Bd.*, 166 Wn. App. 117, 127, 272 P.3d 876 (2012).

To meet the injury-in-fact test, "a person must allege facts demonstrating that he or she is 'specifically and perceptibly harmed' by the agency decision . . . . When a person alleges a threatened injury, as opposed to an existing injury, the person must demonstrate an 'immediate, concrete, and specific injury to him or herself.'" *Patterson v. Segale*, 171 Wn. App. 251, 259,

289 P.3d 657 (2012) (internal citation omitted) (quoting *Trepanier v. City of Everett*, 64 Wn. App. 380, 382-83, 824 P.2d 524 (1992)). Conjectural or hypothetical injuries are insufficient to confer standing. *Trepanier*, 64 Wn. App. at 383. For an injury-in-fact, Freedom Foundation must show an invasion of a legally protected interest. *Snohomish County Pub. Transp. Benefit Area v. Public Emp't Relations Comm'n*, 173 Wn. App. 504, 513, 294 P.3d 803 (2013).

We hold that Freedom Foundation cannot meet the injury-in-fact test because Freedom Foundation fails to show prejudice. Freedom Foundation argues that it suffered two injuries. The first is the denial of its PDC complaint because it was a party to the PDC proceeding. The second is a "competitive harm" to Freedom Foundation's interests. We address each test in turn.

A.    *Freedom Foundation's Status as a Complainant Does Not Confer Standing*

Freedom Foundation argues that, by virtue of being a party to the PDC complaint, it was prejudiced when that complaint was ultimately dismissed. We hold that Freedom Foundation was not a party to the complaint and that Freedom Foundation's status as a complainant does not confer standing.

Under the APA, a party to an agency proceeding is "(a) A person to whom the agency action is specifically directed; or (b) A person named as a party to the agency proceeding or allowed to intervene or participate as a party in the agency proceeding." RCW 34.05.010(12). "Agency action" is "licensing, the implementation or enforcement of a statute, the adoption or application of an agency rule or order, the imposition of sanctions, or the granting or withholding of benefits." RCW 34.05.010(3).

The FCPA does not confer standing on a complainant, and a complainant does not have the ability to participate in any proceeding unless requested by the PDC. WAC 390-37-030(1).

11

However, the PDC is to notify the complainant of any commission hearings and the complainant

or any other person may submit documentary evidence to the PDC. WAC 390-37-030.

Freedom Foundation was not a party to the PDC complaint. The PDC action was not

specifically directed toward Freedom Foundation, and it was not named or allowed to intervene

as a party in any PDC proceeding. Rather, Freedom Foundation retained the status of a

complainant and submitted documentary evidence to the PDC during its preliminary

investigation. Because Freedom Foundation was not a party to the complaint, it fails to show

how its complainant status resulted in a specific and perceptible harm when the PDC denied its

complaint.

Freedom Foundation relies on our unpublished decision in *AUTO v. Washington Public

Disclosure Commission*.[6] But in *AUTO* we did not consider whether a complainant had standing

to petition for review. Rather, we held that the complainant failed to timely file its petition for

review, thus, the complainant was time-barred from filing the action. *AUTO* did not consider the

question presented in this case.

Freedom Foundation also argues that it is in a better position to file PDC complaints

because of its organizational mission. But Freedom Foundation's organizational mission cannot

confer standing without a particularized harm or injury. *Sierra Club v. Morton*, 405 U.S. 727,

739, 92 S. Ct. 1361, 31 L. Ed. 2d 636 (1972) (plurality opinion). Thus, we hold that Freedom

---

[6] No. 50652-1-II, slip op. (unpublished) (Wash. Ct. App. May, 14, 2019)
http://www.courts.wa.gov/opinions/pdf/D2%2050652-1-II%20Unpublished%20Opinion.pdf.

Foundation was not a party to the PDC complaint and that Freedom Foundation fails to show

standing based on its status as a mere complainant.

B.      *Freedom Foundation Did Not Suffer Specific and Perceptible Harm*

Freedom Foundation also argues that it suffered harm.  Specifically, Freedom Foundation

argues it suffered a "competitive harm" because campaign contributions "frustrate the

Foundation in achieving its goal to promote the policies embodied in the FCPA."  Br. of

Appellant at 41.  "In other words, the PDC's action creates a precedent, which will undoubtedly

be wielded against the Foundation when it later seeks to initiate administrative or judicial

complaints based upon similar conduct."  Reply Br. of Appellant at 24.  We hold that Freedom

Foundation fails to show that it suffered harm.

To have standing, Freedom Foundation must be specifically and perceptibly harmed by

the PDC's decision.  *Patterson*, 171 Wn. App. at 259.  This harm cannot be conjectural or

hypothetical.  *Trepanier*, 64 Wn. App. at 383.  Freedom Foundation must show an invasion of

some legally protected interest.  *Snohomish County Pub. Transp. Benefit Area*, 173 Wn. App. at

513.

To support its argument, Freedom Foundation cites *Snohomish County Pub. Transp.

Benefit Area*, 173 Wn. App. at 504.[7]  There, a public transportation agency sought judicial

review of a decision from the Public Employment Relations Committee (PERC).  *Snohomish*

---

[7] Freedom Foundation also cites *Reagles v. Simpson*, 72 Wn.2d 577, 434 P.2d 559 (1967).  But *Reagles* was superseded by the three-pronged standing requirements of RCW 34.05.530, and is not relevant.  *Allan*, 140 Wn.2d at 329 n.1 (stating that *Reagles* "cannot control today's interpretation of RCW 34.05.530").

*County Pub. Transp. Benefit Area*, 173 Wn. App. at 508-09. PERC's decision involved an unfair labor practice complaint which had the effect of taking away the benefit of a rule that affected the transportation agency's negotiation with the employee unions. *Snohomish County Pub. Transp. Benefit Area*, 173 Wn. App. at 514. This court held that the transportation agency had standing based on an economic injury because the decision adversely affected the transportation agency's ability to negotiate with the unions. *Snohomish County Pub. Transp. Benefit Area*, 173 Wn. App. at 513-14. This court recognized the direct economic effect of losing this bargaining leverage. *Snohomish County Pub. Transp. Benefit Area*, 173 Wn. App. at 514.

Here, Freedom Foundation cannot show an economic or competitive injury. Freedom Foundation identifies no direct economic effect or material adverse injury from the PDC's denial of the complaint. Further, Freedom Foundation fails to show any specific or perceptible harm. The mere fact that an unfavorable result could become precedent to Freedom Foundation's potential future litigation is not a harm under RCW 34.05.530. Freedom Foundation fails to show prejudice and as a result, cannot show it has standing to bring an action for judicial review. We hold that the trial court did not err when granting the District's and the PDC's motions and dismissed Freedom Foundation's complaint.[8]

---

[8] Freedom Foundation also argues that the trial court erred by granting summary judgment because discovery was incomplete and because issues of material fact remained regarding the District's conduct. However, Freedom Foundation failed to move for a continuance to conduct further discovery and as a result, is precluded from raising the issue on appeal. *Guile v. Ballard Cmty. Hosp.*, 70 Wn. App. 18, 24-25, 851 P.2d 689 (1993). Further, issues of facts regarding the District's conduct are not material because Freedom Foundation's lack of authority to bring a citizen's action and lack of standing are dispositive. *In re Estate of Black*, 153 Wn.2d 152, 160, 102 P.3d 796 (2004).

14

No. 53415-1-II;
Cons. No. 53430-4-II

ATTORNEY FEES

Freedom Foundation requests an award of attorney fees. RCW 42.17A.775(5), provides

for reimbursement from the State for reasonable attorney fees in successful citizen's actions.

Here, Freedom Foundation did not prevail in a citizen's action. We deny Freedom Foundation's

request for attorney fees.

We affirm.

Worswick, J.

Melnick, J.

Sutton, A.C.J.

15