IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| MICHAEL SCHRECK, | No. 85154-3-I |
| Appellant, | |
| v. | |
| SEATTLE OFFICE OF ECONOMIC DEVELOPMENT, SEATTLE RESTORED, and ANDREA PORTER, | UNPUBLISHED OPINION |
| Respondents. | |

BOWMAN, J. — Michael Schreck appeals the trial court's CR 12(b)(6) dismissal of his complaint alleging that the Seattle Office of Economic Development's (OED's) program, "Seattle Restored," is unconstitutional and violates RCW 49.60.400 because it gives preference to applicants who are Black, indigenous, or people of color (BIPOC). Because Schreck does not assert in his complaint that he actually applied for the program or that the city denied his application, we affirm.

FACTS

Seattle Restored is a program run by OED that helps artists and "pop-up shops" rent vacant storefronts around Seattle. Schreck wanted to open a "food pop-up" called "Batch" and sought assistance from the program. Schreck tried to apply for the program but "was thwarted" by technical difficulties. He then tried to

obtain technical support from OED, but "[n]othing could be done." As a result, Schreck did not submit an application.

In September 2022, Schreck sued the OED, Seattle Restored, and Seattle Restored's program director Andrea Porter (collectively City).[1] In his complaint, Schreck alleged that the program gave an improper preference to BIPOC applicants over white applicants and to artists over restaurants, which violates the equal protection and due process clauses of the United States Constitution and RCW 49.60.400. He alleged that Seattle Restored's website "claimed preference would be given to BIPOC" individuals and that Porter "verified this via phone conversation." Schreck also alleged that during a telephone call, Porter said she " 'just wanted to give the money to artists,' " and that Seattle Restored awarded no grant to restaurants. He asked for "one million dollars in damages or a halt to racial preference in [c]ity contracting and programs."

The City moved to dismiss Schreck's complaint under CR 12(b)(6).[2] It argued that because Schreck did not apply for the program, he lacked standing and could not state a claim for which the court could grant relief. It also argued that the issue was moot because the city was no longer funding grants. Schreck did not respond.

---

[1] Schreck also moved for an ex parte temporary restraining order (TRO), seeking to stop the city from awarding Seattle Restored grants. A King County Superior Court commissioner denied the TRO, concluding Schreck must give notice to the city unless he could show that providing notice would result in "immediate and irreparable harm."

[2] The City's motion to dismiss is not in the record.

On February 24, 2023, the court held a hearing on the City's motion. The City rested on its brief, and Schreck argued that he should prevail on the merits of his claim. The court reserved its ruling.

Three days later on February 27, the court issued an order granting the City's motion and dismissing Schreck's complaint with prejudice.[3] The court explained that Schreck "never applied for the program, according to his complaint," and that "[h]e needed to actually apply to have standing in his claim of discrimination." Or, "[p]ut another way, for him to state a claim he needed to allege some act that caused him damage, and that has to be more than simply telling the City that the racial preference was wrong."

Schreck appeals.

## ANALYSIS

Schreck argues that the trial court erred by dismissing his complaint for lack of standing.[4] We disagree.

We review de novo an order dismissing a case for lack of standing under CR 12(b)(6). *Kanam v. Kmet*, 21 Wn. App. 2d 902, 909, 508 P.3d 1071 (2022). Dismissal under CR 12(b)(6) is proper where " 'it appears beyond doubt that the plaintiff can prove no set of facts consistent with the complaint that would entitle

---

[3] The court also concluded that his claims were moot.

[4] Schreck also assigns error to the commissioner's denial of his motion for an ex parte TRO, the conduct of the King County Superior Court Clerk's Office, and the actions of a superior court bailiff. But he fails to support his assignments of error with meaningful legal citations or analysis, so we do not address those claims. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (we consider argument in an opening brief waived if it is unsupported by reference to the record or citation to authority).

him or her to relief.' " *Id.* at 910 (quoting *Larson v. Snohomish County*, 20 Wn. App. 2d 243, 263, 499 P.3d 957 (2021)). We take the plaintiff's allegations in the complaint as true and can consider hypothetical facts outside the record. *Id.* But if a claim remains legally insufficient even under proffered hypothetical facts, dismissal under CR 12(b)(6) is appropriate. *Alim v. City of Seattle*, 14 Wn. App. 2d 838, 851, 474 P.3d 589 (2020).

" 'Standing is a party's right to make a legal claim or seek judicial enforcement of a duty or a right.' " *Kanam*, 21 Wn. App. 2d at 908-09[5] (quoting *State v. Link*, 136 Wn. App. 685, 692, 150 P.3d 610 (2007)). " 'The kernel of the standing doctrine is that one who is not adversely affected by a statute may not question its validity.' " *Alim*, 14 Wn. App. 2d at 851-52 (quoting *Walker v. Munro*, 124 Wn.2d 402, 419, 879 P.2d 920 (1994)). We apply a two-part test to determine whether a party has legal standing. *Nelson v. Appleway Chevrolet, Inc.*, 129 Wn. App. 927, 939, 121 P.3d 95 (2005), *aff'd*, 160 Wn.2d 173, 157 P.3d 847 (2007). First, we ask "whether the interest asserted is arguably within the zone of interests protected by the statute or constitutional right at issue." *Id.* Second, we determine "whether the party seeking standing has suffered an injury in fact, economic or otherwise." *Id.* A financial loss amounts to an injury in fact. *City of Longview v. Wallin*, 174 Wn. App. 763, 782, 301 P.3d 45 (2013). But a plaintiff lacks standing if their injury is merely conjectural or hypothetical. *Trepanier v. City of Everett*, 64 Wn. App. 380, 383, 824 P.2d 524 (1992).

---

[5] Internal quotation marks omitted.

Schreck's complaint alleges that "Seattle Restored is a [c]ity program from the OED" and that the program "claimed preference would be given to BIPOC" individuals, which Porter "verified . . . via phone conversation."  Schreck explains that Porter told him that "she 'just wanted to give the money to artists.' "  And he asserts that the program is unconstitutional and violates RCW 49.60.400,[6] which entitles him to "one million dollars in damages or a halt to racial preference."  But Schreck does not assert in his complaint that he actually applied to the program or that Seattle Restored denied his application.  As a result, Schreck does not show that he was harmed by the program, and he lacks standing to sue.  *See Trepanier*, 64 Wn. App. at 383 (conjectural injury confers "no standing").

Still, Schreck argues that because he is a pro se plaintiff, the court should have helped him better understand the law and civil procedure so that he could avoid dismissal for lack of standing.  But the court had no such duty.  Pro se litigants are bound by the same rules of procedure and substantive law as attorneys.  *Westberg v. All-Purpose Structures Inc.*, 86 Wn. App. 405, 411, 936 P.2d 1175 (1997).  And courts must treat pro se parties just like lawyers. *Edwards v. Le Duc*, 157 Wn. App. 455, 464, 238 P.3d 1187 (2010); *see also In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (trial court "under no obligation to grant special favors" to pro se party).

---

[6] RCW 49.60.400(1) provides, "The state shall not discriminate against, or grant preferential treatment to, any individual or group on the basis of race, sex, color, ethnicity, or national origin in the operation of public employment, public education, or public contracting."

Because Schreck does not allege that he applied for and was denied assistance by the City, the trial court did not err by dismissing his complaint under CR 12(b)(6). We affirm.[7]

Brennan, J

WE CONCUR:

Mann, J.                    Dwyer, J.

---

[7] Because we hold that Schreck lacks standing, we do not reach his argument that the court erred by dismissing his complaint as moot.